BOWEN, Judge.
In 1983, Larry Joe Jordan was convicted of murder arising out of the operation of his motor vehicle while intoxicated, and was sentenced to 40 years’ imprisonment. On appeal, this court affirmed the conviction, holding, among other things, that vehicular homicide was not a lesser included offense of murder. Jordan v. State, 486 So.2d 482 (Ala.Cr.App.1985). Our decision was initially reversed by the Alabama Supreme Court, Ex parte Jordan, 486 So.2d 485 (Ala.1986) (holding that, under the particular facts alleged in the indictment, vehicular homicide was a lesser offense included in the murder charge), but the result was later affirmed, on the State’s application for rehearing, see Ex parte Jordan, 486 So.2d at 488 (holding that the failure to give a vehicular homicide charge was harmless error in view of the jury’s rejection of other lesser offense charges).
In June of 1987, the Alabama Supreme Court decided Ex parte Love, 513 So.2d 24 (Ala.1987), and held that in order for the result of a blood alcohol test administered pursuant to the implied consent law to be admissible in evidence the accused must have been lawfully arrested before the test.
Relying on Ex parte Love, Jordan filed a Rule 20 petition in October of 1987, alleging that he had not been represented by effective counsel. He did not specify in what respect counsel had been ineffective, whether at trial or on appeal, but alleged that the result of his blood alcohol test was inadmissible in evidence at his 1983 trial because he was not under arrest at the time of taking the test and because he gave no informed consent to the taking of his blood.
*1061 The trial judge conducted a hearing on the Rule 20 petition during which he took “judicial notice” that at the time of Jordan’s trial the implied consent statute had been interpreted to require only probable cause to arrest, but not to require an actual arrest, prior to the administration of a blood alcohol test. Jordan’s counsel at the Rule 20 hearing stated that the Honorable Roger Appell, petitioner’s trial counsel, would “testify that that was the law as he understood it, at that time. And that is why it was not raised on the direct appeal.” Appell did not testify but acknowledged to the trial court that the characterization of his understanding of the law made by Rule 20 counsel was “the truth.”
Counsel on the Rule 20 petition also represented to the court that “[a]n orthopedic surgeon is before the Court, today, to testify that on that date, when he saw Mr. Jordan, he was totally unable to give any type of informed consent to take any blood; in fact, he was out of it.” The orthopedic surgeon was not, however, called to testify.
The trial court made no findings of fact or conclusions of law on the issue of Jordan’s consent. It concluded the hearing by stating, “[T]he issue before me is, as I see it, is whether or not [Ex parte Love ] is retroactive.” The court then determined that Ex parte Love had no retroactive application and denied the petition. This appeal followed.
Regardless of the fact that counsel on appeal couches his arguments in terms of the claimed retroactivity of Ex parte Love, he is in fact arguing that the result of Jordan’s blood test was inadmissible because at the time of the test Jordan was not under arrest. This issue is proeedurally barred from Rule 20 review because it could have been, but was not, raised at trial or on direct appeal. A.R.Cr.P.Temp. 20.-2(a)(3) and (5). See Jackson v. State, 501 So.2d 542, 544 (Ala.Cr.App.1986), cert. denied, Jackson v. Alabama, 483 U.S. 1010, 107 S.Ct. 3242, 97 L.Ed.2d 746 (1987) (coram nobis not available to review issues which could have been raised at trial or on appeal). Compare Love v. State, 513 So.2d 19, 20 (Ala.Cr.App.1986), rev’d in favor of this argument, Ex parte Love, 513 So.2d 24 (Ala.1987) (counsel argued, on direct appeal, the necessity for an arrest prior to the taking of a blood alcohol test); Welcher v. State, 504 So.2d 360 (Ala.Cr.App.1987) (same).
Similarly, the issue of Jordan’s inability to consent to the taking of the test is barred from Rule 20 review. At trial, the matter of Jordan’s consent to the test was not disputed. Chip Walls, the forensic scientist who withdrew Jordan’s blood sample at the hospital following the collision, testified as follows:
“I first had the nursing staff identify the suspect to myself at the time. Verified this by observing the name tag on his arm and also asking him to repeat his name to me. After this I obtained the permission of him to obtain a blood alcohol level — a sample of blood for a blood alcohol level.”
There was no objection, and no evidence was presented by the defense to intimate in any manner that Jordan contested the fact that he had consented to the blood test procedure. Under these circumstances, the holding in Ex parte Love would avail him nothing, since “[wjhere, as here, the driver actually consents to the test, his arrest is not a condition precedent to its admissibility.” Maffett v. Roberts, 388 So.2d 972, 977 (Ala.1980). Because Jordan could have raised the issue of his non-consent to the blood test at trial or on appeal, but did not, he is foreclosed from Rule 20 review of this issue.
Although Jordan did not specifically allege that his counsel was ineffective for failing to argue, at trial or on appeal, the necessity of a prior arrest as a predicate to the admissibility of a blood alcohol test, his Rule 20 petition obliquely raises these issues. His counsel’s statements at the Rule 20 hearing, however, defeat this claim. The fact that trial counsel interpreted the law in effect at the time to require only probable cause and not an actual arrest, and the fact that the court took judicial notice that such an interpretation was consistent with the then-prevailing norm, provide the answer to the ineffectiveness-of- *1062 counsel claim. “[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel’s challenged conduct on the facts of the particular case, viewed as of the time of counsel’s conduct.” Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). “The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.” Id. at 688, 104 S.Ct. at 2065.
Given the prevailing interpretation of the implied consent law at the time of Jordan’s trial and this court’s opinion in Love v. State, 513 So.2d 19, counsel cannot be considered ineffective for failing to challenge the test results on the grounds of no prior arrest.
The judgment of the circuit court denying the petition is affirmed.
AFFIRMED.
All Judges concur.