570 So.2d 855 (1990)
Roy Sherman CLEVELAND
v.
STATE.
7 Div. 341.
Court of Criminal Appeals of Alabama.
September 21, 1990.
*856 Roy Sherman Cleveland, pro se.
Don Siegelman, Atty. Gen., and Robert E. Lusk, Jr., Asst. Atty. Gen., for appellee.
JAMES H. FAULKNER, Retired Justice.
Roy Sherman Cleveland appeals from the denial of two petitions for post-conviction relief. He seeks to invalidate his two 1988 convictions for escape and theft on the grounds that his guilty pleas were involuntary and that his appointed counsel was ineffective.
In May 1988 Cleveland waived indictment and pleaded guilty to two informations as authorized by § 15-15-20 through -26, Code of Alabama (1975). The informations charged Cleveland with escape in the second degree and theft (automobile) in the first degree. Cleveland was previously charged with assault in the second degree and pleaded guilty to this charge in conjunction with his two guilty pleas for escape and theft. On June 24, 1988, Cleveland was sentenced to 12 years' imprisonment in the assault case, and, in a separate sentencing hearing on the same day, he was sentenced to 12 years' imprisonment in each of the escape and theft cases, with the three sentences to run concurrently.
On July 5, 1988, Cleveland filed pro se motions to withdraw his guilty pleas in the theft and escape cases. These motions were never formally ruled upon by the trial court. Cleveland subsequently filed notices of appeal from his three convictions. Because he pleaded guilty before indictment to the escape and theft charges, his appeal of these two convictions was dismissed pursuant to § 15-15-26 Ala.Code (1982).
Cleveland then filed pro se a petition for post-conviction relief in each of the three cases pursuant to Rule 20, A.R.Cr.P.Temp. The circuit court dismissed his petition for post-conviction relief in the assault case because that case was then pending before this court on direct appeal. After affording Cleveland a hearing on his remaining petitions, the circuit court denied his petitions for post-conviction relief in the theft and escape cases.
Three issues are raised on this pro se appeal. Although Cleveland raised numerous issues below in his petitions for post-conviction relief, we are not required to consider matters on appeal unless they are presented and argued in brief. Andrews v. State, 473 So.2d 1211, 1217 (Ala. Cr.App.1985). "When the appealing party fails to invite the appellate court's review of issues raised below, the trial court's judgment as to those issues is due to be affirmed." Mitchell v. Southern Guaranty Insurance Co., 485 So.2d 1138, 1140 (Ala.1986).

I.
Cleveland contends that he was denied effective assistance of counsel because counsel who was appointed to represent him at the hearing on his petitions for *857 post-conviction relief failed to call certain witnesses in his behalf.
After denying Cleveland's petitions, the circuit court granted Cleveland's motion to dismiss appointed counsel and permitted him to proceed pro se on appeal. The court, however, in ruling on the motion made no finding that Cleveland had been denied effective assistance of counsel. Hence, the issue of the competence of counsel was not raised below and consequently has not been preserved for review. Dossey v. State, 489 So.2d 662 (Ala.Cr.App. 1986).

II.
Cleveland contends that his guilty pleas for theft and escape were involuntary because (1) counsel appointed to represent him in the guilty pleas coerced him into pleading guilty by promising that Cleveland would receive a split sentence in both cases; (2) the Boykin colloquy was incomplete; and (3) the court did not sign the Ireland form.
Rule 20.2(a), A.R.Cr.P.Temp., precludes a petitioner from raising the issue of an involuntary guilty plea in a Rule 20 petition because this issue could have been raised on direct appeal. Hines v. State, 516 So.2d 937, 938 (Ala.Cr.App.1987). Section 15-15-26, Code of Alabama 1975, moreover, precludes Cleveland, who pleaded guilty before indictment, from raising this issue on direct appeal. Hence, Cleveland has no right to appeal the issue of involuntary guilty pleas either directly or collaterally in a Rule 20 petition.

III.
Cleveland contends that he was denied effective representation of counsel because the counsel appointed to represent him on the guilty pleas (1) made no investigation of the theft and escape cases with an effort to raise defenses to these charges, and (2) coerced him into pleading guilty in both cases on the promise that he would receive a 10-year split sentence to run concurrently in each case.
To prevail on a claim of ineffective assistance of counsel, Cleveland
"must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
(1) With respect to Cleveland's first allegation of ineffective assistance, the record reveals that appointed counsel discussed with him each of Cleveland's cases and the possible defenses to each case. In particular, counsel testified at the hearing on the Rule 20 petitions that he discussed with Cleveland the prospect of going to trial on the cases, the defenses he might use if the cases went to trial, and the trial strategy he would use. He testified that Cleveland understood the nature of the charges against him and wanted to plead guilty. Appointed counsel also testified that he explained Cleveland's constitutional rights to him and that the trial court explained his constitutional rights to him prior to accepting his pleas.
Although the failure to conduct a reasonable investigation of possible mitigating evidence may constitute ineffective assistance of counsel, the record supports a finding that counsel did investigate each of Cleveland's cases and that he did discuss with Cleveland the possible defenses to each case. Cleveland therefore failed to establish that counsel's performance was deficient within the meaning of Strickland v. Washington.
(2) With respect to Cleveland's second allegation of ineffective assistance for *858 failure of counsel to insist upon and enforce a plea bargain, the appointed counsel's testimony refuted the existence of a plea bargain agreement. He testified that he spoke with the Talladega County maintenance supervisor, the probate judge, and several county commissioners who were recommending probation for Cleveland because of the work he had done for the county while he was a trusty. He also testified that the probation office recommended that Cleveland receive a 10-year split sentence to run concurrently in each case.
Counsel further testified that he had discussed the possibility of a plea bargain with the district attorney but that no agreement was ever reached. He testified that the district attorney indicated that Cleveland needed to serve some time for these charges and that the district attorney would allow Cleveland to "plead blind," i.e., the district attorney's office would make no recommendation regarding sentencing.
Counsel further testified that he never told Cleveland that there was a plea bargain agreement whereby Cleveland would receive a 10-year split sentence to run concurrently in each case. In particular, he testified that Cleveland had the full understanding that there was no plea bargain agreement and that the court was not bound to go along with any recommendation that anyone made as long as there was not a plea bargain agreement.
The record supports a finding that there was no plea bargain agreement and that Cleveland was aware that the court was not bound to accept any recommendation for probation made in his behalf. Moreover, "the subjective beliefs of a defendant on the matter of how much sentence will be imposed, when unsupported by any promise from the State or indications by the court, are insufficient to invalidate a guilty plea." Chapman v. State, 412 So.2d 1276, 1277 (Ala.Cr.App.1982).
Cleveland has therefore failed to establish that but for counsel's alleged professional errors, the result of the proceedings would have been different. Cleveland has thus failed to prove that counsel was ineffective under the test of Strickland v. Washington.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
TAYLOR, TYSON and McMILLAN, JJ., concur.
BOWEN, J., concurs specially.
PATTERSON, J., joins in special concurrence.
BOWEN, Judge, concurring specially.
In Part II the majority holds that the petitioner is precluded under Rule 20.2(a), A.R.Crim.P.Temp., from raising the issue of an involuntary guilty plea because that issue could have been raised on direct appeal even though the petitioner had no right of direct appeal under Ala.Code 1975, § 15-15-26, because he pleaded guilty without an indictment.
Rule 20.2(a) provides: "A petitioner will not be given relief under this rule based upon any ground: ... (5) Which could have been but was not raised on appeal...." (emphasis added). Since the petitioner had no right of direct appeal, no issue could have been raised on appeal. Therefore, Rule 20.2(a)(5) is not operative under the facts of this case.
However, the petitioner is precluded by Rule 20.2(a)(3) which precludes relief on any ground "[w]hich could have been but was not raised at trial." "[B]efore an issue raising the validity of a guilty plea is cognizable in this court, the issue must be first presented to the trial court by timely objection, a motion to withdraw the guilty plea, or motion for new trial." Willis v. State, 500 So.2d 1324, 1325 (Ala.Cr.App.1986) ("[W]e hold that Willis's failure to present to the trial court the claimed error in timely manner precludes Willis from challenging his plea on appeal."). Had the petitioner challenged the validity of his guilty plea in *859 the trial court, the provisions of Rule 20.2 would not preclude any relief which might have been proper even though the petitioner had no right of direct appeal.