[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 30 
This is an appeal from the summary dismissal of a Rule 32, A.R.Crim.P., petition filed by the appellant, Joe Alderman, attacking the validity of his 1991 conviction for theft of property in the second degree.
On September 9, 1991, the appellant, represented by retained counsel W. Terry Bullard, appeared for trial. After the jury was selected and several preliminary motions were argued, the appellant withdrew his plea of not guilty and pleaded guilty to second degree theft. On October 11, he was sentenced to six years' imprisonment.
On October 22, the appellant retained new counsel, Dennis N. Balske. On November 8, Balske filed a motion to withdraw the plea and a motion for a new trial. Those motions attacked the validity of the plea on a number of grounds, but they did not allege that the appellant had been denied the effective assistance of trial counsel.
At the time the post-plea motions were filed, the court reporters' transcripts[1] of the plea and sentencing proceedings had been filed, certified, and sent to Balske. P.R. 47-50; S.R. 35-37; Supp.R. 4. It is clear that Balske had access to the transcripts at the time he filed the post-plea motions because the motions specifically referred to portions of the transcript. Supp.R. 9.
After a hearing on November 25, the circuit court denied the motion to withdraw the plea and the motion for a new trial. On direct appeal to this court, the appellant's conviction and sentence were affirmed on March 27, 1992.Alderman v. State, 615 So.2d 640 (Ala.Cr.App. 1992).
On August 27, 1993, the appellant, assisted by a new attorney, Ron Storey, filed a Rule 32 petition. The petition alleged that the *Page 31 
appellant's guilty plea conviction was due to be vacated because the appellant had been denied the effective assistance of both trial counsel and of appellate counsel.
In his petition, the appellant outlined seven particular acts or omissions that allegedly demonstrate the inadequacy of trial counsel Bullard. Then, in a final "catch-all" allegation, the appellant concluded that appellate counsel Balske provided inadequate assistance because Balske "failed to raise on appeal the issue of denial of effective assistance of [trial] counsel" Bullard. C.R. 10.
On August 30, 1993, the State filed a motion for summary disposition, alleging that the issues raised in the petition either were, or could have been, raised at trial or on appeal. In its August 31 order granting the State's motion for summary disposition, the circuit court stated:
 "I have considered the motion for Rule 32 relief and the responsive motion for summary disposition. I find that the defendant has had more than ample opportunity to present his claims through his new trial motion and through the appellate process. He had counsel other than his retained trial counsel in both proceedings. I find his claim is procedurally barred and have granted the summary disposition motion." C.R. 12.
All seven of the appellant's claims regarding the ineffectiveness of trial counsel Bullard are barred from Rule 32 review because the appellant did not present those claims to the circuit court in his motion to withdraw the guilty plea or motion for a new trial. See Ex parte Jackson,598 So.2d 895, 897 (Ala. 1992). The ineffectiveness claims concerning Bullard are precluded by Rules 32.2(a)(3) and (5), because they could have been, but were not, raised at trial or on appeal. "Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings." Exparte Jackson, 598 So.2d at 897 (emphasis added).
The issue of Balske's ineffectiveness, however, is not precluded because the Rule 32 petition represents the appellant's first opportunity to present that claim to the circuit court. In order to determine whether the appellant was entitled to a hearing on the ineffectiveness claim concerning Balske, we must determine whether that claim is "meritorious on its face." Ex parte Boatwright, 471 So.2d 1257,1258 (Ala. 1985). The merit of the Balske claim depends, in part, on the merits of the Bullard claims because if trial counsel Bullard was not ineffective, then appellate counsel Balske could not have been ineffective for failing to question on appeal Bullard's performance. See Tarver v. State,629 So.2d 14, 18-19 (Ala.Cr.App. 1993).
Therefore, despite the fact that the issue of whether Bullard's performance was ineffective is precluded, we must nevertheless examine Bullard's conduct to some extent in order to determine whether Balske was ineffective in failing to raise the issue of Bullard's alleged inadequate performance.
 A.
The theft conviction that is being collaterally attacked in this case arose out of a construction contract the appellant entered into with a Dr. and Mrs. Bellone. The appellant claims that Bullard failed to advise him properly concerning the threat of future prosecution for a separate, unrelated offense arising out of the appellant's financial dealing with a Ms. Wanda Irby.
This issue has been raised, in different guise, twice before: by Bullard's motion to withdraw the plea at sentencing and by Balske's motion for a new trial and motion to withdraw the plea.
Balske's written motion to withdraw the plea was accompanied by affidavits from Bullard, the appellant, and Ms. Irby. Bullard's affidavit averred that the assistant district attorney had informed him that Ms. Irby intended to have the appellant prosecuted for theft, but that the prosecutor would forego seeking an indictment against the appellant for that offense if the appellant would plead guilty to theft of property belonging to the Bellones.
Ms. Irby's affidavit stated that she did not wish to prosecute the appellant for theft; instead, she was pursuing civil remedies *Page 32 
against the appellant. The appellant's affidavit claimed that he pleaded guilty only because he thought Ms. Irby wanted to have him prosecuted for theft and, had he known that Ms. Irby did not intend to prosecute him, he would never have accepted the State's plea bargain offer.
The State's response to the motion was accompanied by an affidavit of the assistant district attorney. That affidavit stated that the prosecutor never told defense counsel Bullard that Ms. Irby personally wished to have the appellant prosecuted for theft of property. Instead, the prosecutor stated that he informed defense counsel that he had spoken with an investigator at the Alabama Securities Commission about the possibility of prosecuting the appellant for securities fraud regarding his dealings with Ms. Irby, and that he (the prosecutor) would agree to forego that prosecution if the appellant pleaded guilty to theft of the Bellone's property.
On direct appeal of the appellant's theft conviction, this court affirmed the circuit court's denial of the motion to withdraw the plea and the motion for a new trial. Observing that the trial court "made an express find[ing] that there [was] no appropriate basis on which to allow the guilty plea to be withdrawn," Alderman v. State, 615 So.2d at 644, this court held that the record did not substantiate "[t]he appellant's claim that his plea was induced by misrepresentation, or even misconveyed information." Id. at 645 (emphasis added).
We based our holding that the appellant's plea was not induced by false or incorrect information primarily on the fact that the appellant and his counsel stood mute and failed to correct the following statement, made during the guilty plea colloquy, by the assistant district attorney:
 "I have spoken to Ms. Irby . . . and she stated to me that she has not pursued any criminal action regarding [the] financial dealings she had with the defendant, nor does she intend to." P.R. 45 (emphasis added).
This court's holding on direct appeal that the record did not support "[t]he appellant's claim that his plea was induced by misrepresentation, or even misconveyed information," is dispositive of the issue now raised on collateral attack. If the appellant's plea was not induced by misconveyed information, then Balske did not render ineffective assistance of counsel by failing to allege that Bullard wrongly advised the appellant about the threat of future prosecution for an offense against Ms. Irby.
 B.
The appellant claims that Bullard guaranteed him that he could withdraw his plea within 42 days of entering it, and that he relied on that guarantee when he decided to plead guilty.
This allegation states a claim of ineffective assistance of counsel that, if true, is "meritorious on its face." Cf.Minor v. State, 627 So.2d 1071, 1072 (Ala.Cr.App. 1992) (promise that defendant would receive probation); Arnold v.State, 562 So.2d 296, 297 (Ala.Cr.App. 1990) (same).
Balske's failure to raise the issue might constitute ineffective assistance of counsel only if Balske, having beenmade aware of facts supporting the claim, did not bring the claim to the circuit court's attention.
Balske could have been made aware of facts supporting the claim (1) by examining the transcript of the plea and sentencing proceedings, or (2) by hearing from the appellant about Bullard's guarantee. We have reviewed the transcript of the guilty plea and sentencing proceedings and it does not reveal any basis for the appellant's complaint that Bullard misadvised him.
It was not sufficient, therefore, for the appellant simply to plead, in his Rule 32 petition, that Balske was ineffective for failing to raise the foregoing claim in a motion to withdraw the plea or a motion for a new trial. Since the transcript would not have alerted Balske to Bullard's claimed error, the appellant should have alleged either that he informed Balske of Bullard's guarantee, or that Balske was otherwise made aware of Bullard's guarantee. Cf. Crum v. State, 611 So.2d 495, 497 (Ala.Cr.App. 1992) ("Absent *Page 33 
information from his client alerting him to a latent defect in the prior conviction that render[ed] that conviction unavailable to enhance sentence, counsel [was] not ineffective for failing to challenge the use of a facially-valid prior conviction for enhancement purposes. The appellant's Rule 32 petition did not allege that he informed his attorney at the guilty plea proceedings that the prior convictions upon which the State relied to enhance his sentence occurred during his minority and were not preceded by advice regarding his right to apply for youthful offender treatment".).
Because of the critical failure to plead that Balske had knowledge of facts giving rise to the claim asserted, the second claim in the appellant's petition was, on its face, insufficient to entitle him to an evidentiary hearing.
 "It is well established that a [Rule 32] petition . . . must contain more than mere naked allegations that a constitutional right has been denied. An evidentiary hearing on a . . . petition is required only if the petition is 'meritorious on its face.' A petition is 'meritorious on its face' only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon (as opposed to a general statement concerning the nature and effect of those facts) sufficient to show that the petitioner is entitled to relief if those facts are true.
". . . .
 ". . . [T]he petition is not 'meritorious on its face,' because it lacks the specific factual support necessary to show the trial court that [the petitioner] is entitled to relief (i.e., that [the petitioner's] counsel was constitutionally ineffective. . . .) Unsupported conclusions of law simply will not suffice."
Moore v. State, 502 So.2d 819, 820-21 (Ala. 1986) (emphasis added) (citations omitted).
 C.
The appellant claims that Bullard was ineffective in failing to object to the circuit court's failure to sentence the appellant in accordance with the principles of Rule 26.8, A.R.Crim.P. That rule provides:
 "The sentence imposed in each case should call for the least restrictive sanction that is consistent with the protection of the public and the gravity of the crime. In determining the sentence, the court should evaluate the crime and its consequences, as well as the background and record of the defendant and give serious consideration to the goal of sentencing equality and the need to avoid unwanted disparities.
 "Judges should be sensitive to the impact their sentences have on all components of the criminal justice system and should consider alternatives to long-term institutional confinement or incarceration in cases involving offenders whom the court deems to pose no serious danger to society."
On direct appeal, the appellant argued this issue in terms of the trial court's having violated the principles of Rule 26.8, A.R.Crim.P. The appellant has now recast the issue in terms of ineffective assistance of counsel. On direct appeal, we rejected the appellant's argument because we found that Rule 26.8 did not apply to the appellant's case, which was pending as of January 1, 1991, when the new rules of criminal procedure took effect. Former Rule 1.5, A.R.Crim.P., which was in effect while this case was on direct appeal, provided: "These rules shall govern all criminal proceedings commenced at or after 12:01 a.m., January 1, 1991." See Alderman v.State, 615 So.2d at 649.
Our decision in Alderman was released on March 27, 1992, before the Alabama Supreme Court amended Rule 1.5 to make the Rules of Criminal Procedure applicable to "all criminal proceedings, without regard to when the proceeding was commenced." See Rule 1.5, A.R.Crim.P. (amended effective April 21, 1992).
The appellant was sentenced on October 11, 1991, eighteen months before Rule 1.5 was amended to make all the Rules of Criminal Procedure, including Rule 26.8, applicable to his sentencing proceeding. Bullard was not ineffective for failing to bring to the circuit court's attention a rule that at the time was not applicable to the appellant's situation. *Page 34 
"The adequacy of counsel's performance must be determined by the law in effect at the time of the appellant's trial.Strickland v. Washington, 466 U.S. 668, 688-90, 104 S.Ct. 2052,2064-65, 80 L.Ed.2d 674 (1984); Jordan v. State,548 So.2d 1059, 1061-62 (Ala.Cr.App. 1989)." James v. State,564 So.2d 1002, 1005 (Ala.Cr.App. 1989).
 "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."
Strickland v. Washington, 466 U.S. at 689, 104 S.Ct. at 2065.
Because Bullard was not ineffective for failing to raise the applicability of Rule 26.8 to the appellant's sentencing, Balske was not ineffective for failing to question Bullard's performance at sentencing.
 D.
The appellant argues that Bullard's failure to object to the State's characterization of the plea bargain offer — when that characterization conflicted with his understanding of the offer — demonstrates Bullard's ineffectiveness.
On direct appeal, this court quoted the following statement, made during the prosecutor's plea bargain offer, which is at issue here:
 " 'I have spoken to Ms. Irby . . . and she stated to me that she has not pursued any criminal action regarding these financial dealings she had with the defendant, nor does she intend to.' PR. 44-45."
Alderman v. State, 615 So.2d at 645 (emphasis in original). After quoting the prosecutor's remark, we observed:
 "Neither defense counsel nor the appellant took issue with this statement. By failing to correct in any way the prosecutor's statement concerning Ms. Irby, the appellant must be deemed to have agreed with that statement. Cf. Ex parte Cassady, 486 So.2d 453, 455 (Ala. 1986) ('By remaining silent' after defense counsel stated his understanding of the plea agreement, the State 'at least implicitly' agreed that those were the terms of the agreement). Ms. Irby's intentions were obviously important to the appellant — defense counsel had, no less than three times, requested the prosecutor to 'put something on the record' concerning Ms. Irby, and the appellant, according to his affidavit, accepted the plea agreement in this case only because he thought Ms. Irby wanted to prosecute him for another matter. It is therefore incomprehensible that both the appellant and defense counsel failed to say anything when the prosecutor stated on the record that Ms. Irby was not pursuing criminal prosecution of the appellant and had no intent to do so, unless that is what they had previously understood."
Alderman v. State, 615 So.2d at 645 (emphasis in original)
The foregoing observation indicates that our decision on this point in Alderman was more than just a "silence implies assent" holding. It was also an affirmation of the circuit court's implicit finding on a disputed question of fact.
The trial judge had before him conflicting affidavits about each party's understanding of the plea agreement. When the judge determined that there was "no appropriate basis on which to allow the guilty plea to be withdrawn," S.R. 16, he must necessarily have found the assistant district attorney's affidavit more credible than the affidavits offered by the appellant.
This court's comment in Alderman (that it was "incomprehensible" that the appellant and his counsel failed to speak up when the prosecutor stated Ms. Irby's intent unless the prosecutor's statement corresponded with what the appellant and his counsel "had previously understood") represented our judgment that the record supported the trial court's credibility determination.
Because the record supported the trial judge's determination that the prosecutor's characterization of the plea bargain offer was not at odds with the understanding of that offer shared by the appellant and Bullard, Balske was not ineffective for failing to question *Page 35 
Bullard's competence during the plea colloquy.
 E
The appellant claims that Bullard's performance at the guilty plea proceeding was deficient because Bullard "failed to have the State's plea bargain offer placed on the record prior to his plea of guilty." Brief of the Appellant at 10.
Rule 14.3(b), A.R.Crim.P., states:
 "[I]f a plea agreement has been reached by the parties, the court shall require the disclosure of the agreement in open court prior to the time a plea is offered." (Emphasis added).
However, for the reasons discussed in Part C of this opinion, that rule did not apply to the appellant's case. While it certainly would have been wise for Bullard to have insisted that the State's plea bargain offer be announced before the appellant entered his plea, we cannot find, under the particular facts of this case, that the tardy announcement of the offer prejudiced the appellant.
Our determination in Part A of this opinion that the appellant's plea was not induced by misconveyed information, our finding in Part D that the prosecutor's statements made during the plea bargain offer were apparently and actually assented to by the appellant, and our decision in Part G that the appellant's criminal liability for an unrelated offense did not depend on the actual intent of the "victim" of that offense to have him prosecuted, all mandate a holding that even if Bullard had asked for and had received an earlier statement of the plea agreement, the result of the proceeding would not have been different.
If Bullard's error would not have affected the result of the guilty plea proceeding, it could not have constituted ineffective assistance of counsel. Accordingly, Balske was not ineffective in failing to raise this alleged error on appeal.
 F
The appellant claims that Bullard erroneously advised him that the State could not call to testify at trial any witness it had not subpoenaed. He maintains that Bullard had investigated only those witnesses subpoenaed by the State, and that Bullard was unprepared when other, un-subpoenaed State's witnesses appeared.
As we observed in a similar context in Part B of this opinion, Balske could not have been ineffective for failing to raise Bullard's alleged incompetence unless Balske was aware of facts suggesting the incompetence. We have examined the transcript of the plea and sentencing proceedings and we find that the record of those proceedings would not have put Balske on notice either that Bullard had misinformed the appellant or that Bullard was unprepared for trial.
In fact, the following portion of the guilty plea colloquy directly refutes the appellant's claim that Bullard was unprepared:
 "THE COURT: . . . [I]s Mr. Bullard your hired lawyer?
"THE DEFENDANT: Yes, sir, he is.
 "THE COURT: Are you satisfied with the work that he has done for you?
"THE DEFENDANT: Yes, sir, I am.
 "THE COURT: Do you feel he's done everything he can to get your case ready for trial?
"THE DEFENDANT: Yes, sir, he has.
 "THE COURT: Has he done a thorough job of investigating your case and attempted to find out everything about it, including information which may appear to be unfavorable to you?
"THE DEFENDANT: Yes, sir, he has." P.R. 32-33.
Because the record does not provide any basis for Balske to have questioned Bullard's preparedness, and because the appellant's Rule 32 petition does not allege that the appellant informed Balske of Bullard's alleged misadvice or unpreparedness, this claim, like the one discussed in Part B of this opinion, has not been sufficiently pleaded to entitle the appellant to an evidentiary hearing. See Crum v. State, 611 So.2d at 497.
"[T]he petition is not 'meritorious on its face,' because it lacks the specific factual support necessary to show the trial court that [the petitioner] is entitled to relief (i.e., *Page 36 
that [the petitioner's] counsel was constitutionally ineffective. . . .) Unsupported conclusions of law simply willnot suffice." Moore v. State, 502 So.2d at 821 (emphasis added).
 G
Finally, the appellant contends that Bullard provided ineffective assistance of counsel by failing to investigate the State's allegations concerning the threat of pending prosecution for the appellant's financial dealings with Ms. Irby.
Apparently, the appellant believes that if Bullard had interviewed Ms. Irby himself (instead of relying on the prosecutor's characterization of Ms. Irby's intent), Bullard would have learned that Ms. Irby did not want the appellant prosecuted and Bullard would not have advised the appellant to plead guilty to avoid further prosecution.
This claim has no merit because, as the prosecutor stated at trial and as the circuit court specifically found, the appellant's potential criminal liability for an offense against Ms. Irby did not depend upon Ms. Irby's subjective intent to have the appellant prosecuted.
The prosecutor explained that Ms. Irby's intent was immaterial to the appellant's criminal liability when, at the sentencing hearing, he told the trial court:
"We were prone to do that [prosecute the appellant for securities fraud against Ms. Irby] whether WandaIrby wanted to prosecute or not. And we agreed, as part of the plea of guilty, that if [the appellant] plead guilty to this felony [theft of the Bellone's property], knowing we opposed probation, we w[ould] agree not to proceed with that case to the Alabama Securities Commission." S.R. 14-15.
Likewise, the trial court found that Ms. Irby's intent was immaterial to the appellant's criminal liability for securities fraud when, at the sentencing proceeding, he reviewed a copy of the appellant's investment agreement with Ms. Irby and then stated:
 "I think I can resolve this quite simply, gentlemen. This court spent a good bit of time this summer trying the only criminal securities fraud case in the history of this circuit. And, as a result of my exposure to that, I had to familiarize myself, to some degree, with the kinds of instruments which our criminal law defines [a]s a security and the kind of exceptions that might apply to particular instruments or particular transactions involving those instruments. Prima facie, this agreement appears to be a security in form, whether or not the courts might ultimately construe it as such really isn't relevant to these proceedings. I find that there is no appropriate basis on which to allow the guilty plea to be withdrawn. . . ." S.R. 16 (emphasis added).
The foregoing comments by the assistant district attorney and by the trial court show that even if Bullard had
interviewed Ms. Irby and had received firsthand information from her, that information would not have reduced the appellant's exposure to prosecution for a securities fraud offense. The appellant was facing a potential securities fraud indictment whether or not Ms. Irby wanted him prosecuted for theft, and Bullard's failure to investigate Ms. Irby's intentions could have had no influence on the outcome of the plea bargain negotiations.
If Bullard's omission did not influence the outcome of the plea discussions, it did not constitute ineffective assistance of counsel. Consequently, Balske's failure to raise Bullard's omission also did not constitute the effective assistance of counsel. See Strickland v. Washington,466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984) ("there [must be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").
The circuit court's order of summary disposition of the petition for post-conviction relief is affirmed.
AFFIRMED.
All Judges concur.
[1] The record before us contains the transcripts of the separate plea and sentence proceedings that were a part of the record on the appellant's direct appeal, as well as the supplemental record filed in the direct appeal. Different court reporters were present at the plea and sentencing proceedings. Each reporter numbered the transcript he or she prepared separately, beginning with page 1. The supplemental record is also separately numbered beginning with page 1. To avoid confusion, we will refer to the transcript of the plea proceeding as "P.R. ___"; to the transcript of the sentencing proceeding as "S.R. ___"; and to the supplemental record as "Supp.R. ___." The clerk's portion of the record of the present Rule 32 appeal will be referred to as "C.R. ___." *Page 37