This is an appeal from the Mobile County Circuit Court's denial of a Rule 32, Ala.R.Crim.P., petition filed by the appellant, Bruce Wade Covington, attacking his convictions for rape in the first degree and burglary in the second degree. The appellant was represented by a different attorney at each of the proceedings relevant to this appeal — Joe Powell represented the appellant at trial, Richard Clark handled the direct appeal, Jene Owens represented the appellant at the Rule 32 evidentiary hearing, and Cindy Powell is representing the appellant on this appeal.
Subsequent to an evidentiary hearing on the petition, the circuit judge made the following findings of fact:
 "This Petition for Relief from Conviction or Sentence coming before the Court on the 18th day of February, 1994, and the Petitioner being represented by counsel, Jene Owens, the Court makes the following findings of fact and conclusions of law:
 "1. Counsel for Petitioner, having reviewed all relevant documents, waives Petitioner's presence.
 "2. All the allegations contained in the Petition were either raised on appeal and denied by the Court of Criminal Appeals and the Alabama Supreme Court, or could have been raised on appeal.
 "3. The Court further finds that the State of Alabama did not introduce or attempt to introduce any DNA evidence at the trial of this matter.
 "4. Ex parte Jackson is irrelevant since Petitioner is raising the issue of ineffective assistance of counsel at the present time. However, the allegations, on their face, do not constitute ineffective assistance of counsel."
(C. 36.)
The circuit court's findings of fact contained in paragraphs 2 and 4 are at least partially in error. We agree that the petition's claims of ineffectiveness of trial counsel is procedurally barred by Rule 32.2(a)(3) and (a)(5) as a claim that could have been, but was not, raised at trial or on appeal. Because the appellant was represented by different counsel at trial and on appeal, any claim of ineffective assistance of trial counsel must be raised in a motion for a new trial in order to preserve the issue for review. Ex parteJackson, 598 So.2d 895, 897 (Ala. 1992); Alderman v. State,647 So.2d 28, 31 (Ala.Crim.App. 1994).
 "Failure to include a reasonably ascertainable issue in a motion for a new trial will result in a bar to further argument of the issue on appeal and in post-conviction proceedings."
Ex parte Jackson, 598 So.2d at 897; Alderman v. State, 647 So.2d at 31.
However, the appellant's petition also claimed that his appellate counsel was ineffective for failing to follow the procedure set forth in Ex parte Jackson to preserve the claim of ineffectiveness of trial counsel. Contrary to the circuit court's finding, this was not and could not have been raised on appeal because a Rule 32 petition was the first opportunity for the appellant to present this claim. Alderman v. State, 647 So.2d at 31.
In addition, the circuit judge failed to make a specific finding of fact, as required by Rule 32.9(d), Ala.R.Crim.P., as to the claim of ineffective assistance of appellate counsel. Although the claim is procedurally barred, the claim of ineffective assistance of trial counsel must be examined in order to determine whether appellate counsel was ineffective for failing to preserve these claims. Alderman v. State, 647 So.2d at 33. We note from the very short proceedings in the Rule 32 evidentiary hearing (just over three pages of transcript) that none of the claims presented in the appellant's post-conviction petition were argued. The appellant's counsel stated only that this court had correctly decided the issue presented on direct appeal, which was whether the trial judge should have granted a motion for a mistrial alleging improper statements and questions from the prosecutor. (R. 4-6.) Although the appellant argues, in his brief on appeal, that his Rule 32 counsel was ineffective at the evidentiary hearing, we need not decide this issue at this time. *Page 111 
We remand this cause for the trial court to conduct another evidentiary hearing on the appellant's Rule 32 petition. The sole claim to be addressed is the alleged ineffective assistance of appellate counsel. As stated above, this will entail addressing whether the claim of ineffectiveness of trial counsel has merit, as that claim is directly related to the performance of appellate counsel. At the conclusion of the hearing, the circuit judge should enter a written finding of fact in compliance with Rule 32.9(d), Ala.R.Crim.P. A return is to be filed with this court within 56 days of the release of this opinion. This return should include a complete record and a transcript of the evidentiary hearing.
REMANDED WITH DIRECTIONS.
All the Judges concur.