This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
The appellant, Jimmy Howard Hall, was convicted of discharging a firearm into an occupied vehicle, a violation of § 13A-11-61, Code of Alabama 1975, and was sentenced to 12 years' imprisonment. This conviction was affirmed on direct appeal in an unpublished memorandum on June 18, 1993. The appellant then filed a Rule 32, Ala.R.Crim.P., petition, which was summarily dismissed by the Lauderdale Circuit Court. This appeal followed.
The appellant claims that his trial counsel was ineffective for failing to file a motion to dismiss the charge based on an allegedly defective affidavit offered in support of his arrest warrant. The appellant failed to present this claim to the trial court in a motion for a new trial. See Ex parteJackson, 598 So.2d 895, 897 (Ala. 1992). Therefore, this claim is precluded by Rule 32.2(a)(3) and (a)(5), Ala.R.Crim.P., because it could have been, but was not, raised at trial or on appeal. See Alderman v. State, 647 So.2d 28 (Ala.Crim.App. 1994).
The appellant also claims that his appellate counsel was ineffective. This claim is not precluded because this petition represents the appellant's first opportunity to raise this claim to the trial court. Alderman v. State, 647 So.2d at 31. The district attorney's response to this petition was specific enough to meet the burden of pleading required by Rule 32.3 andEx parte Rice, 565 So.2d 606, 608 (Ala. 1990). Four days after the district attorney filed his response and a motion to dismiss, the circuit court summarily dismissed the appellant's petition by stamping it "DENIED." *Page 783 
This case is very similar to Henderson v. State,570 So.2d 879 (Ala.Crim.App. 1990), in which the circuit judge merely denied a Rule 20, Ala.R.Crim.P.Temp. (now Rule 32), Ala.R.Crim.P. petition as "without merit." In that case, Judge Bowen wrote:
 "Here, the circuit court's denial as 'without merit' does not appear responsive to the district attorney's motion to dismiss. Without directing any criticism toward the circuit court, this Court simply cannot determine the basis of that court's decision. The above decisions of our Supreme Court [Ex parte Rice, 565 So.2d 606 (Ala. 1990); Ex parte Williams, 571 So.2d 987 (Ala. 1990)] tend to indicate that that basis is essential to afford the petitioner due process on his appeal of the denial of his petition. See Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App. 1989) ('If the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.')."
570 So.2d at 880.
Therefore, we remand this cause with directions that the circuit court set forth its reasons for dismissing the appellant's petition. Because the claim regarding the alleged ineffectiveness of trial counsel is clearly precluded, as stated above, the circuit court's order should address only the claim alleging ineffectiveness of appellate counsel. Upon remand, the circuit court is authorized to take whatever action, under Rule 32, Ala. R.Crim.P., it deems necessary to render a final judgment on the petition. Due return of the written order shall be made within 90 days of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur except LONG, J., who recuses.
* Note from the Reporter of Decisions: On September 8, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion, and on November 9, 1995, that court denied rehearing, without opinion.