The appellant, Eric Arrington, filed a Rule 32, Ala.R.Crim.P., petition asserting numerous grounds upon which he contended he was entitled to relief. The State filed an Answer and Motion for Summary Judgment, and the trial court summarily dismissed the petition, finding that the appellant was precluded from asserting his claims because they could have been raised at trial or on appeal. This appeal followed, and the appellant raised the following issues for review:
 1. "Former trial counsel's failure to object to the State's evidence of the disputed handwriting; constituting ineffective assistance of counsel, also alleging Due Process of the State's evidence."
 2. "The trial judge erred in not granting the Defendants [sic] Motion to Suppress the statement made by the Defendant after his arrest; alleging ineffective assistance of counsel(s)."
 3. "The arrest of the defendant was illegal and not based on probable cause; alleging ineffective assistance of counsel(s)."
 4. "Appellate counsel failed to follow the necessary procedures set out in the Ex parte Jackson motion in preserving such issues for post-conviction relief, also where former trial counsel failed to file an Ex parte Jackson motion; alleging ineffective assistance of counsel(s)."
 5. "Where the presiding judge erred in denying the petitioner the right to counsel and choice of counsel."
 6. "Former trial counsel was ineffective when he failed to make an objection and argue for a judgement of acquittal, based on the States [sic] failure in not complying with the Defendants [sic] motion for discovery request, and of the destroying the evidence of notes and questions given to the defendant during the time of his trial and motion to suppress hearing; that would have made a difference in the outcome."
 7. "The petitioners [sic] constitutional rights were violated when the Montgomery Police Department recorded on tape (audio), the taking of the petitioners [sic] confession, and also where the petitioners [sic] Due Process Clause was violated because of the contradicted testimonies of the arresting officers who arrested the petitioner, in contradiction with the audiotape recording."
 8. "The petitioner was deprived of Due Process of Law and Equal Protection from Discrimination of the petitioners [sic] unconstitutionally impanelled petit jury and grand jury foreman, and discrimination of gender of his petit jury."
 9. "There was insufficient evidence to support a conviction; alleging ineffective assistance of counsel(s)."
 10. "The petitioners [sic] Fourth Amendment under the United States Constitution was violated by the M.P.D. when they failed to comply with a search warrant in the arresting of the petitioner." *Page 239 
 I
The appellant raises substantive claims in Issues 2, 3, 5, 7, 8, 9, and 10. However, he is precluded from raising these issues by the various provisions of Rule 32.2(a), Ala. R.Crim. P. Issue 2 was raised and addressed at trial and on direct appeal. Rule 32.2(a)(2), (4). Issues 3, 5, 7, and 8 could have been raised at trial and on appeal. Rule 32.2(a)(3), (5). Issue 9 could have been raised at trial and was raised and addressed on direct appeal. Rule 32.2(a)(3), (4). Finally, the appellant did not raise Issue 10 in his Rule 32 petition. An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.Cleveland v. State, 570 So.2d 855 (Ala.Cr.App. 1990); Morrisonv. State, 551 So.2d 435 (Ala.Cr.App.), cert. denied,495 U.S. 911, 110 S.Ct. 1938, 109 L.Ed.2d 301 (1990). Furthermore, Issue 10 was raised and addressed on direct appeal. Accordingly, the appellant is procedurally barred from raising Issues 2, 3, 5, 7, 8, 9, and 10, and the judgment of the trial court with respect to these issues is affirmed.
 II
The appellant asserts numerous allegations of ineffective assistance of trial counsel throughout his brief. At the time of the appellant's conviction, the procedure outlined in Exparte Jackson was in effect. 598 So.2d 895 (Ala. 1992), overruled by Ex parte Ingram, 675 So.2d 863 (Ala. 1996). Pursuant to Ex parte Jackson, because the appellant was represented by different counsel at trial and on appeal, any claim of ineffective assistance of trial counsel should have been raised in a motion for a new trial in order to preserve the issue for review. Covington v. State, 671 So.2d 109
(Ala.Cr.App. 1995); Alderman v. State, 647 So.2d 28
(Ala.Cr.App. 1994); Ex parte Jackson, supra. Thus, the appellant's claims regarding ineffective assistance of trial counsel are procedurally barred by Rule 32.2(a)(3) and (a)(5) as claims that could have been, but were not, raised at trial or on appeal. The trial court's judgment is affirmed with respect to the appellant's claims regarding ineffective assistance of trial counsel.
 III
The appellant properly raised his claims regarding ineffective assistance of appellate counsel in his Rule 32 petition. Contrary to the circuit court's finding, those claims are not procedurally barred because a Rule 32 petition was the first opportunity for the appellant to present the claims.Alderman v. State, supra. Therefore, we remand this cause to the trial court with directions that the State be allowed to respond to the allegations that appellate counsel was ineffective. The trial court on remand shall determine, based on the State's response, whether an evidentiary hearing should be held on the appellant's allegations regarding ineffective assistance of appellate counsel. The trial court shall enter written findings with regard to the appellant's allegations of ineffective assistance of appellate counsel. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 90 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings in the trial court.
AFFIRMED IN PART; AND REMANDED WITH INSTRUCTIONS.*
All Judges concur.
* On March 20, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 8, 1998, that court denied rehearing, without opinion.