BASCHAB, Judge.
On March 15, 1995, the appellant, Larry Donell Bryant, pled guilty to two counts of robbery in the third degree and was sentenced to life in prison on each count. He appealed and his appeal was dismissed on his own motion. On November 19,1996, he filed a Rule 32, Ala. R.Crim. P., petition alleging that his sentence exceeded the maximum authorized by law or that it was not otherwise authorized by law. Specifically, he alleged that he was not given notice that his sentence would be enhanced pursuant to the Habitual Felony Offender Act (“HFOA”) and that the State did not properly prove three of his prior felony convictions. He amended his petition to allege that his trial and appellate counsel were ineffective. The State responded, arguing that it had filed notice of its intent to proceed under the HFOA and notice of the convictions upon which it intended to rely on March 3,1995, and further alleging that the issues the appellant raised in his petition could have been raised on appeal but for the fact that the appellant had asked this court to dismiss his appeal. The trial court conducted a hearing on the petition and determined that the appellant’s claims of ineffective assistance of counsel had been waived because he sought and secured the dismissal of his appeal. At a subsequent hearing, his appointed counsel indicated that the prior convictions had been properly used to enhance his sentence. Therefore, the trial court held that the appellant had been properly sentenced and dismissed the petition. This appeal followed.
The appellant makes the following arguments on appeal:
1) He was improperly sentenced because the State failed to give him proper notice of its intent to proceed under the HFOA.
2) The State did not introduce his three prior felony convictions into the record at the sentencing hearing and did not show that one of the prior convictions could properly be used to enhance his sentence.
3) The trial court did not address his claim of ineffective assistance of appellate counsel.
Our review of the record indicates that, on March 3, 1995, the State did give proper notice of its intent to proceed pursuant to the HFOA. The appellant entered his guilty pleas on March 15, 1995. The record, including the transcript of the Rule 32 hearing and the trial court’s order, also indicates that the appellant’s prior felony convictions were properly proven and properly used to enhance his sentence. Furthermore, the appellant could have raised any claims regarding the application of the HFOA to his case at trial and on appeal. Rule 32.2(a)(3), (5), Ala. R.Crim. P.
The trial court properly dismissed the appellant’s claims that he received ineffective assistance of trial counsel. At the time of the appellant’s conviction, the Ex parte Jackson procedure was in effect, and the appellant was represented by different counsel at trial and on appeal. 598 So.2d 895 (Ala. *53 1992), overruled by Ex parte Ingram, 675 So.2d 863 (Ala.1996). Therefore, any claim of ineffective assistance of trial counsel should have been raised in a motion for a new trial in order to preserve the issue for review on appeal. Covington v. State, 671 So.2d 109 (Ala.Cr.App.1995); Alderman v. State, 647 So.2d 28 (Ala.Cr.App.1994); Ex parte Jackson, supra. Thus, the appellant’s claims regarding ineffective assistance of trial counsel are proeedurally barred by Rule 32.2(a)(3) and (a)(5) as claims that could have been, but were not, raised at trial or on appeal.
The appellant properly raised his claims regarding ineffective assistance of appellate counsel in his Rule 32 petition because that was his first opportunity to present the claims to the trial court. Alderman v. State, supra. Contrary to the trial court’s finding, those claims are not waived, and the trial court should have addressed them. Therefore, we remand this cause to the trial court with directions that the State be allowed to respond to the allegations of ineffective assistance of appellate counsel. On remand, the Mai court shall determine, based on the State’s response, whether an eviden-tiary hearing should be held on the appellant’s allegations regarding ineffective assistance of appellate counsel. The trial court shall enter written findings with regard to the appellant’s allegations of ineffective assistance of appellate counsel, and it shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings in the trial court.
AFFIRMED IN PART; REMANDED WITH DIRECTIONS. 
All the judges concur.