BROWN, Judge.
The appellant, Earl Mocks, pleaded guilty to robbery in the first degree and was sentenced to 30 years’ imprisonment. He did not appeal. The appellant filed a post-conviction petition pursuant to Rule 32, Ala.R.Crim.P. The state filed a response to the petition, in which it moved for dismissal on the ground that the petition was not properly before the court because, it said, the appellant did not pay the required filing fee, and he did not file with his petition a request to proceed in forma pauperis as required. by Rule 32.6(a), Ala.R.Crim.P. The circuit court granted the state’s motion and summarily dismissed the petition on the ground set out in the motion.
However, the record shows that the appellant did include a request to proceed in forma pauperis with his petition, and that both documents were filed on the same day. (C. 2; 15.) The state has requested that we remand this cause to the circuit court so that it may consider the appellant’s petition.
We, therefore, remand this cause to the circuit court with instructions that it rule on the appellant’s “Request to Proceed In *910 Forma Pauperis.” Should it grant the request, the court shall adjudicate the appellant’s petition in accordance with the provisions of Rule 32, Ala.R.Crim.P., including requiring the district attorney to file a response to the petition in compliance with Rule 32.7(a). Upon receipt of the district attorney’s response, the circuit court can summarily dismiss the petition, pursuant to Rule 32.7(d), if it determines that the petition “is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief....” In the alternative, the circuit court may hold an evidentiary hearing on the petition or, “in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentia-ry hearing,” pursuant to Rule 32.9(a). If the court summarily dismisses the petition, it should do so in a written order stating the reasons for its dismissal. See Hall v. State, 673 So.2d 782, 783 (Ala.Cr.App.1995). If it conducts proceedings pursuant to Rule 32.9(a), the court shall make specific findings of fact in compliance with Rule 32.9(d). The circuit court shall file with this Court its written order or findings of fact, along with any other evidence admitted and a transcript of the proceedings, if applicable.
In order to allow the state 30 days to respond to the petition, as set out in the Alabama Rules of Criminal Procedure, as well as a reasonable time, after that response, for adjudication by the circuit court, we are ordering that due return be filed with this court within 91 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS. *
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

 Note from the reporter of decisions: On March 26, 1999, on return to remand, the Court of Criminal Appeals affirmed, without opinion.