McMILLAN, Presiding Judge.
This appeal arises from the summary denial of the appellant’s Rule 32, Ala. R.Crim.P., petition by the Mobile Circuit Court. In his petition, the appellant, Le-barron Antjuan Craig, made the following arguments: (1) that the trial court failed to swear in the jury panel prior to voir dire; (2) that the trial court erred in denying the appellant’s motion for a mistrial; (3) that the trial court failed to adjudicate the appellant’s guilt and impose sentence; (4) that his conviction is void because the Alabama Constitution of 1901 is unconstitutional; (5) that his trial counsel was ineffective for failing to file a motion to dismiss and for failing to object to alleged errors by the trial court; and (6) that his appellate counsel was ineffective for failing to raise the above issues on appeal. The State moved to dismiss the petition on the grounds that it was proeedurally barred. The trial court summarily dismissed the petition with a notation on the docket sheet.
I.
The appellant’s claim that the trial court failed to swear the jury before conducting voir dire is completely without merit. This claim is refuted by Exhibit C, attached to the appellant’s petition, which is the page from the trial transcript where the administration of the oath before voir dire is transcribed. Because Craig’s argument that the jury was not sworn is meritless, his claims that his trial counsel and his appellate counsel were ineffective for failing to raise that issue also fail. The trial court properly denied these claims.
II.
Craig also alleges that the trial court failed to adjudicate his guilt and impose sentence. Rule 26.2(b), Ala.R.Crim.P., requires the trial court, upon conviction, to enter the judgment and the sentence imposed in the record. A review of the record reveals that the trial court complied with Rule 26.2(b). Therefore, this claim is without merit, and it was properly denied.
III.
The appellant’s claim that the trial court erred in denying his motion for a mistrial is due to be denied as barred by Rules 32.2(a)(3) and (5). Although the appellant could have raised this claim either at trial or on appeal, he did not do so. Therefore, the issue is now barred from review.
IV.
In his petition, Craig also alleged that the Alabama Constitution of 1901 was unconstitutional, but he has abandoned that claim on appeal. Consequently, this Court need not address the claim, although it is completely without merit.
V.
The appellant raised several ineffective assistance of counsel claims, arguing that both trial and appellate counsel were ineffective for various reasons. These claims are due to be denied. It is well settled that the appellant must satisfy the two-prong test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to successfully argue an ineffective-assistance- *1003 of counsel claim. Williams v. State, 480 So.2d 1265 (Ala.Crim.App.1985). The Strickland test requires the appellant to prove not only that his counsel’s performance was deficient, but that the deficiency prejudiced the appellant. Craig has failed to prove either part of the Strickland test on the following claims: (1) that trial and appellate counsel were ineffective for failing to file a motion to dismiss because Craig was never arrested for the murder of the victim; (2) that trial counsel was ineffective for failing to file a motion to dismiss because the indictment was allegedly voidable; (3) that appellate counsel was ineffective for failing to raise the issue of the indictment on appeal; and (4) that appellate counsel was ineffective for failing to argue that the trial court erred in denying Craig’s motion for a mistrial.
Although the trial court did not state reasons for its denial of the appellant’s petition, that denial was proper as to the claims discussed above. Therefore, this Court will not disturb the judgment of the trial court, as to those claims, on appeal. See Jones v. State, 724 So.2d 75 (Ala.Crim.App.1998).
However, the appellant’s claim that trial counsel was ineffective for failing to file a motion to suppress Craig’s statement on grounds that, as a juvenile, he was not advised of his right to communicate with a parent or guardian is not obviously lacking in merit. Ex parte Whisenant, 466 So.2d 1006, 1007 (Ala.1985). Therefore, pursuant to Hall v. State, 673 So.2d 782 (Ala.Crim.App.1995), this matter is remanded to the Mobile Circuit Court with directions for that court to set forth its reasons for dismissing the appellant’s petition. Because the claims discussed above are either without merit or are precluded, the trial court’s order should discuss only the appellant’s claim that he was denied effective assistance of counsel when trial counsel failed to file a motion to suppress Craig’s statement, which should have stated that he was not properly advised of his right required in addition to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that he be allowed to communicate with a parent or guardian. The trial court shall make due return of the written order within 90 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, BASCHAB, SHAW, and WISE, JJ., concur.