The appellant, Robert James Davenport, was charged by separate indictments with the first degree rape of his wife, the first degree rape of his 12-year-old stepdaughter, and the first degree sexual abuse of his wife. He was convicted of all three charges and was sentenced to 25 years' imprisonment on each of the rape convictions and to 2 years' imprisonment on the sexual abuse conviction. The appellant raises two issues on this direct appeal from those convictions.
 I
The appellant claims that the trial court erred in failing to give nine of his ten requested jury charges on voluntary intoxication and specific intent.
The trial court instructed the jury as the appellant requested in his charge # 6 that "the degree of intoxication necessary to negate specific intent must amount to insanity." C.R. 41.
In this regard, the trial court instructed the jury:
 "As relate[d] to intoxication, intoxication is not a defense to a criminal charge, however, intoxication, whether voluntary or involuntary is admissible in evidence whenever it is relevant to negate an element of the offense charged.
 "Intoxication in itself does not constitute a mental disease or defect within the meaning of the statute in this section. Intoxication includes a disturbance of mental or physical capacities resulting from the introduction of any substance into the body. Voluntary intoxication means intoxication caused by substances that the actor knowingly introduced into his body, the tendency of which is to cause intoxication. That he knows or ought to know it will cause intoxication.
 "And I will charge you further that the degree of intoxication to negate any specific intent to commit a crime must amount, under the law, to insanity." R. 180-81.
Requested charges # 1 and # 2 — the only requested charges not dealing with intoxication — were properly refused because they were covered in that part of the trial court's oral charge dealing with intent.
Charge # 8 was properly refused because it discussed intoxication negating the element of malice — not an element of the charged offenses.
Requested charge # 3 stated that "excessive intoxication may render the Defendant incapable of forming specific intent." C.R. 38. Requested charge # 4 stated that "voluntary intoxication is a defense to the charge against the defendant if the degree of intoxication amounts to insanity and renders the defendant incapable of forming an intent to commit the act for which he is charged." C.R. 39. Requested charge # 5 stated that "Defendant's voluntary intoxication is a defense to the charge against the Defendant if his alcoholism had resulted in a severe mental disease or defect or that his voluntary intoxication rendered him unable to appreciate the criminality of his conduct." C.R. 40. Requested charge # 7 stated that "voluntary intoxication is a defense to prosecution if as a result the defendant lacks capacity either to appreciate the criminality of his conduct or to *Page 1008 
conform his conduct to the requirements of law." C.R. 42. Requested charge # 9 stated that "intoxication to disprove criminal intent must be of such character and extent as to render the accused incapable of consciousness that he committed a crime, incapable of discriminating between right and wrong, stupefaction of reasoning facility." C.R. 44. Requested charge # 10 stated that "if a person is so drunk or so under the influence of intoxicating liquor that he is incapable of performing [sic] the required felonious intent to commit the acts for which the Defendant is charged he cannot be convicted." C.R. 45.
At the conclusion of the trial court's oral charge, defense counsel made the following objection:
 "MR. LAURIE [defense counsel]: . . . I think the court gave defendant's written requested charge number 6. . . . And denied 1 through 5, and 7 through 10. Your Honor, these charges are correct statements of the law of the State of Alabama. In this case there has to be a criminal intent to commit these crimes, and there is evidence of voluntary intoxication. These are correct statements of the law, and by not giving these statements the defendant's case is prejudiced, in that the jury has not heard a full and complete discussion of the law as to excessive intoxication to the degree that it would render the defendant or any other criminal, who is so intoxicated, incapable of being found guilty of the crime for which he is charged.
"THE COURT: Anything else?
"MR. LAURIE: No, sir.
"THE COURT: Thank you." R. 185-86.
The response of the trial court, "Thank you," does not constitute an adverse ruling, which is necessary for preservation of the alleged error. See Seay v. State,479 So.2d 1338, 1342 (Ala.Cr.App.), cert. denied, 479 So.2d 1343 (Ala. 1985). In addition, "[a]n objection which merely asserts that refused charges are correct and accurate statements of law does meet th[e] requirement [of Rule 21.2, A.R.Crim.P., requiring specific grounds of objection]." Jones v. State, 591 So.2d 569,573 (Ala.Cr.App. 1991).
Furthermore, defense counsel made an objection directed only to the failure of the trial court to give nine of his ten requested charges. Some of those nine charges were properly refused. Therefore, even were we to find that defense counsel had obtained an adverse ruling, we would affirm that ruling applying the principle set out in Nolen v. State,376 So.2d 1145, 1147 (Ala.Cr.App.), cert. denied, 376 So.2d 1148 (Ala. 1979): "A request for instructions should not comprehend more than one subject or state more than one principle of law for the reason that if one principle is not due to be given the entire request may properly be refused." Here, there was no specific objection to an specific charge. An objection to the refusal of the trial court to give the instructions requested is "unavailing, unless all the charges should have been given."Johnson v. State, 141 Ala. 37, 37 So. 456 (1904). The appellant's objection was not sufficient to comply with Rule 21.2, A.R.Crim.P.
 II
The appellant claims that trial counsel was ineffective for failing "to move for [a] psychiatric examination of appellant to support his insanity defense." Appellant's brief at 15. The appellant is represented on appeal by counsel different from trial counsel. There was no motion for a new trial. This issue was never presented to the trial court and, therefore, has not been preserved for appellate review. Ex parte Jackson,598 So.2d 895, 897 (Ala. 1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
 *Page 372