William Thomas Ingram was convicted of assault and manslaughter on May 19, 1993, in connection with an alcohol-related automobile accident. Following Ingram's conviction, the lawyer who represented him at trial recommended that he not appeal his conviction, because the lawyer thought that Ingram could possibly be convicted of a more serious offense upon retrial if his first conviction was reversed. On July 6, 1993, Ingram was sentenced to 20 years for his manslaughter conviction and an additional one year for his assault conviction.
After Ingram's time for appeal had expired, he learned that his attorney had incorrectly told him that he could be convicted of a more serious crime on retrial. Once Ingram learned that the fear that had deterred him from appealing his conviction was unfounded, Ingram, on January 21, 1994, filed with the trial judge a motion seeking permission to file an out-of-time appeal. The judge denied that motion. On March 8, 1994, Ingram filed a Rule 32, Ala.R.Crim.P., petition for post-conviction relief, alleging that ineffective assistance of counsel had denied him his right to appeal and again requesting permission to file an out-of-time appeal. The trial judge granted Ingram's request of an out-of-time appeal.
Ingram filed an appeal on June 2, 1994. On June 3, 1994, the trial court appointed new counsel to represent him in the appeal. On June 15, 1994, Ingram's new attorney filed a motion, pursuant to Ex parte Jackson, 598 So.2d 895 (Ala. 1992), to toll the running of the time for filing a new trial motion; the trial court, on that same day, entered an order purporting to grant that motion. Ingram subsequently moved for a new trial, alleging, among other things, that he had been denied the right to effective assistance of counsel at trial. The trial court denied Ingram's motion for new trial.
The Court of Criminal Appeals affirmed Ingram's conviction, holding that his ineffective-assistance-of-counsel claim was procedurally barred. In an unpublished memorandum of August 18, 1995, that Court stated:
 "According to Ex parte Jackson, 598 So.2d 895
(Ala. 1992), claims of ineffective assistance of trial counsel must be raised in a motion for a new trial in order to be preserved for appellate review where, as here, new counsel is appointed to represent the [defendant] on appeal. A motion for new trial must be filed within 30 days of sentencing. Rule 24.1(b), A.R.Crim.P. In Jackson, . . . the Alabama Supreme Court established a procedure enabling counsel to suspend the running of the time for filing a motion for a new trial. . . .
 ". . . [O]nce the 30-day period has lapsed, its running cannot be suspended. . . . In this case, since the appellant filed his motion to suspend the running of the time for filing a motion for a new trial after the 30-day period for filing a motion for a new trial had lapsed, the trial court had no jurisdiction to entertain his Jackson motion for a new trial. See Hood v. State, 598 So.2d 1022 (Ala.Cr.App. 1991). Because the Jackson procedure was not complied with in this case, the appellant's claims of ineffective assistance are procedurally barred from appellate review."
We granted Ingram's petition for certiorari review to consider the single issue whether the Court of Criminal Appeals correctly held that his claim of ineffective assistance of counsel was procedurally barred.
 I.
In Jackson, supra, this Court held that a trial judge was required to extend a defendant's time for filing a new trial motion if the defendant's newly appointed appellate counsel timely moved for such an extension before the 30-day period allowed by Rule 24.1, Ala.R.Crim.P., had expired. The purpose of the Jackson holding was to facilitate the review of ineffective-assistance-of-counsel claims on direct appeal and thereby cut down on the number of collateral appeals attacking convictions on that basis. The holding was also intended to better protect the rights of convicted persons who have legitimate claims *Page 865 
that they have been deprived of the constitutional right to effective assistance of counsel.
Jackson extended the Rule 24.1(b) time limit for making new trial motions in order to give new appellate counsel enough time to review the trial transcript and identify any deficient trial counsel performance and move the trial judge for a new trial before the defendant's case is heard upon appeal. In order to encourage the presentation of ineffective-assistance-of-counsel claims in direct appeals rather than in collateral appeals, it was necessary to grant this additional time to present the issue to the trial judge on a new trial motion, because it has been universally held that "claims of ineffective assistance of counsel may not be considered for the first time on direct appeal." Jackson, 598 So.2d at 897 (quoting United States v. Stitzer, 785 F.2d 1506,1520 (11th Cir.), cert. denied, Perna v. United States,479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986)).
The purposes of the Jackson holding were very noble, and when the Jackson procedure was adopted, it seemed to be very well reasoned and relatively simple to apply. Since that time though, the application of the Jackson procedure has caused innumerable problems[1] and has become a trap for the unwary, potentially frustrating the presentation of some defendants' ineffective-assistance-of-counsel claims,[2] rather than facilitating the presentation of those claims.
In Musgrove v. State, 659 So.2d 229, 230 (Ala.Cr.App. 1995), Judge Taylor, writing for the majority, stated: "The application of Jackson has presented numerous situations that have spawned problems, not only for the trial courts and attorneys, but for this court as well." The confusion and intractable problems that have ensued following our holding inJackson leave the members of this Court no alternative to overruling Jackson.
Both this Court and the Court of Criminal Appeals have made great efforts to clarify the Jackson holding and to solve the problems that seem to have followed it in a constant stream. InEx parte Webb, 656 So.2d 351 (Ala. 1995), this Court went so far as to extend the Rule 4(b)(1), Ala.R.App.P., 42-day limit for the filing of a notice of appeal in order to make the Jackson
procedure more workable. But our experience has shown that the problems caused by our attempt in Jackson to cut down on the number of collateral appeals greatly outweigh the benefits obtained through the small reduction we have seen in the number of collateral appeals.
We therefore overrule Jackson to the extent that it allows a defendant's newly appointed appellate counsel to move to suspend the Rule 24.1(b), Ala.R.Crim.P., 30-day jurisdictional time limit for new trial motions. We continue to encourage trial judges to attempt to facilitate newly appointed appellate counsel's efforts to make new trial motions based upon an alleged lack of effective counsel before the Rule 24.1(b) time limit expires. However, in any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala.R.Crim.P., expires, in order for that claim to be properly preserved for review upon direct appeal. *Page 866 
 II.
When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala.R.Crim.P., petition for post-conviction relief. Although the Court of Criminal Appeals correctly held that the trial judge lacked the jurisdiction to entertain Ingram's new trial motion once the Rule 24.1(b) time limit had expired and correctly held that Ingram's ineffective-assistance-of-counsel claim was not properly before that court on the direct appeal, Ingram is not without recourse. Because Ingram's newly appointed counsel was understandably confused as to how to proceed with Ingram's ineffective-assistance-of-counsel claim,[3] Ingram should be allowed to present his claim in a Rule 32 petition, because the peculiar facts of this case satisfy the Rule 32.2(b), Ala.R.Crim.P., requirement of "good cause" for being allowed to present successive Rule 32 petitions.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, and INGRAM, JJ., concur.
[1] See, e.g., Pardue v. State, 661 So.2d 263 (Ala.Cr.App. 1993) (to what extent does the Ex parte Jackson procedure apply to pre-Jackson cases?), rev'd on other grounds, 661 So.2d 268
(Ala. 1994); Eldridge v. State, 655 So.2d 1095 (Ala.Cr.App. 1994) (confusion over when new trial motion is due); Alderman v.State, 647 So.2d 28 (Ala.Cr.App. 1994) (whether failure to properly follow the Jackson procedure is ineffective assistance of appellate counsel); Ex parte Webb, 656 So.2d 351
(Ala. 1995) (whether a Jackson motion to suspend the running of the time for a new trial motion also suspends the running of the time to file a notice of appeal); Musgrove v. State,659 So.2d 229 (Ala.Cr.App. 1995) (the implications of a court reporter's failure to give appellate counsel notice of the completion of the record).
[2] See, e.g., Wilson v. State, 659 So.2d 152 (Ala.Cr.App. 1994);Davenport v. State, 653 So.2d 1006 (Ala.Cr.App. 1994); see also H. Maddox, Alabama Rules of Criminal Procedure (2d ed. 1994), Vol. 1, § 6.0, p. 239 ("If new counsel is appointed to represent an indigent defendant on appeal, an ineffective assistance of counsel claim must be made on motion for new trial or it is waived.").
[3] Language in certain cases attempting to apply our holding inJackson would seem to support, if not mandate, the actions of Ingram's appellate counsel. In Jackson v. State, 650 So.2d 593
(Ala.Cr.App. 1994), the Court of Criminal Appeals stated that "[t]he Alabama Supreme Court in Jackson also held that if an accused is represented by different counsel on appeal than at trial, appellate counsel will be granted more time to raise a claim of ineffective assistance of counsel on direct appeal."