LONG, Presiding Judge.
The appellant, James Lewis Brown, appeals from the trial court’s summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., attacking his 1994 conviction for burglary in the first degree and his resulting sentence of life imprisonment without parole as a habitual felon. The appellant’s conviction and sentence were affirmed on direct appeal by unpublished memorandum. See Brown v. State, 682 So.2d 523 (Ala.Cr.App.1995) (table).
In his Rule 32 petition, the appellant alleged numerous nonjurisdictional constitutional infirmities in the proceedings at his trial and contended that his trial counsel and his appellate counsel were ineffective. The trial court summarily denied the appellant’s petition on the ground that all of the claims presented were procedurally barred by the provisions of Rule 32.2(a), Ala.R.Crim.P., as matters that were or could have been raised by the appellant at trial and on direct appeal.
Upon reviewing the appellant’s petition, we find that all of the claims presented *51 therein, with the exception of the appellant’s claim of ineffective assistance of appellate counsel, were precluded by the provisions of Rule 32.2(a).[1] However, the appellant’s first opportunity to present the claim that his appellate counsel was ineffective was in his Rule 32 petition, because appellate counsel obviously could not be expected to raise such a claim against himself. Accordingly, we find that the trial court erred in ruling that the appellant’s claim of ineffective assistance of appellate counsel was precluded by the provisions of Rule 32.2(a). Because the appellant’s factual allegations in support of this claim are sufficiently specific, it is necessary to remand this cause to the trial court with directions for that court to address the merits of the appellant’s claim of ineffective assistance of appellate counsel. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary. Should the trial court deny the appellant’s claim, the trial court should state its reasons for so doing in a written order. If the court finds it necessary to hold an evidentiary hearing, the court should make specific'findings of fact as required by Rule 32.9, Ala.R.Crim.P. Due return should be made with this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All Judges concur.

. The procedures for raising claims of ineffective assistance of trial counsel set forth in Ex parte Jackson, 598 So.2d 895 (Ala.1992), overruled by Ex parte Ingram, 675 So.2d 863 (Ala.1996), were in place at the time of the appellant’s direct appeal. The appellant had new counsel on direct appeal. Appellate counsel was afforded an opportunity to present, in a motion for a new trial, the claim that the appellant's trial counsel was ineffective. This claim was then pursued on direct appeal.