BASCHAB, Judge.
On April 9,1996, the appellant, Willie Vern Major, was convicted of murder and, upon application of the Habitual Felony Offender Act, was sentenced to life imprisonment. He appealed and we affirmed his conviction by unpublished memorandum. Major v. State, 689 So.2d 1018 (Ala.Cr.App.1996) (table). On May 27, 1997, he filed a Rule 32, Ala.R.Crim. P., petition alleging that his trial counsel had been ineffective. Specifically, he argued that his trial counsel was ineffective because 1) she did not investigate the facts and witnesses in his case and 2) she did not move for the recusal of the trial judge, who had allegedly investigated the case while he was working in the district attorney’s office. The record reflects that the trial court held two informal hearings on the appellant’s Rule 32 petition but did not allow the appellant to present evidence in support of his claims. Thereafter, the trial court denied the petition, finding that the issues were precluded because the appellant did not raise his ineffective assistance of counsel claims in a motion for a new trial or on direct appeal. This appeal followed.
The appellant argues that the trial court should have conducted an evidentiary hearing and addressed his claims of ineffective assistance of counsel. We agree.
When the appellant was convicted, Ex parte Ingram, 675 So.2d 863 (Ala.1996), had been released. Ex parte Ingram overruled Ex parte Jackson, 598 So.2d 895 (Ala.1992), to the extent Jackson allowed a defendant to extend the 30-day time limit for a new trial motion. Ex parte Ingram held that the proper method for presenting a claim of ineffective assistance of counsel that cannot reasonably be presented in a new trial motion is to file a Rule 32 petition. Contrary- to the trial court’s finding, these claims were properly raised in the Rule 32 petition and, therefore, were not precluded. Ex parte Ingram. Accordingly, we remand this cause to the trial-court with directions that the State be allowed to respond to the appellant’s allegations that trial counsel was ineffective. The trial court on remand shall determine, based on the State’s response, whether an eviden- *774 tiary hearing should be held on the appellant’s allegations regarding ineffective assistance of trial counsel. The trial court shall enter written findings specifically addressing the appellant’s allegations. The trial court shall take necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. Should a hearing be granted, the return to remand shall include a transcript of the proceedings in the trial court.
REMANDED WITH DIRECTIONS. *
All judges concur.

 Note from the reporter of decisions: On October 23, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion.