COOK, Justice.
The plaintiff appeals from an order granting the defendant’s Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss the complaint for failure to state a claim upon which relief could be granted.
On February 8, 1999, Michael Dewayne Anderson, acting pro se, filed a complaint in the Mobile Circuit Court against Robert F. Clark and W. Lloyd Copeland, attorneys practicing in Mobile, alleging legal malpractice. The action was filed pursuant to the Alabama Legal Services Liabili *750 ty Act, Ala.Code 1975, § 6-5-570 to -581. Section 6-5-572(1) states in part:
“[The Alabama Legal Services Liability Act] embraces all claims for injuries or damages ... whether in contract or in tort.... A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future.”
The defendants moved to dismiss the complaint. On February 24,1999, the trial court granted the motion, with prejudice, stating that the complaint failed to state a claim upon which relief could be granted. Anderson appeals the dismissal. We affirm.
The complaint alleges that Clark failed to exercise reasonable professional diligence in handling an earlier criminal case against Anderson.[1] Specifically, Anderson argues that Clark had undertaken to represent Anderson in that earlier criminal case, but that Clark had withdrawn as Anderson’s counsel without fifing a motion to suspend the running of the time allowed for fifing a motion for a new trial.[2] Anderson contends that if Clark had filed a motion to suspend the running of the time and had obtained a transcript of Anderson’s criminal trial, then, in a motion for a new trial, Anderson could have raised a claim of ineffective assistance of his trial counsel and could have received a more favorable outcome on the appeal of that criminal case.
The standard of review applicable to motions to dismiss is well settled; it is stated in Ex parte City of Birmingham, 624 So.2d 1018, 1020 (Ala.1998), quoting earlier cases:
“ ‘ “It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala.1978).
“ ‘ “Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala.1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. *751 Karagan v. City of Mobile, 420 So.2d 57 (Ala.1982).” ’ ”
(Emphasis in earlier cases.)
Because the allegations of the complaint in this case govern the ruling on the motion to dismiss, we quote them here:
“A. Petitioner [Anderson] was sentenced on March 5, 1997, and shortly thereafter [Anderson’s] family paid the office clerk $1200.00 for Mr. Robert F. Clark to start work on [Anderson’s] direct appeal, and on March 12,1997, Robert Clark visited [Anderson] at the Mobile County Metro Jail, where [Anderson] advised Mr. Robert F. Clark that he would like to file ineffective assistance of counsel of his trial counsel.
“B. On March 17, 1997, the Honorable Robert F. Clark filed a notice of appearance as counsel for [Anderson], and on March 20, 1997, he also filed for preparation of the trial transcript at the stated expense.
“C. On April 10, 1997, a certificate of completion and transmittal of the record was filed, therefore giving counsel time to research the grounds [Anderson] asked him to file on trial counsel, the ineffective assistance of counsel, so on April 23, 1997, Robert F. Clark filed a motion to withdraw as counsel, and still had not filed a motion for new trial.
“D. Then on May 11, 1997, the Honorable Edward L.D. Smith received notice of appointment of counsel, which made the direct appeal already prejudiced by the appellate counsel Robert F. Clark, being that the 30 days for filing [a] motion for [a] new trial had already ran out.
[[Image here]]
“F. On November 5, 1998, Mr. Robert [Clark’s] partner, Mr. Lloyd Copeland submitted an affidavit stating that Mr. Anderson had never met with Mr. Clark in their office to discuss the issues wished to be filed on his trial counsel, but the professional visitation log will show that Mr. Robert F. Clark did visit with Mr. Anderson on March 12, 1997, between 3:15 and 4:00 o’clock at the Metro County Jail.”
(C. 2-3.)
The issue is not whether Anderson is entitled to relief under his theory or theories of recovery. At issue is the sufficiency of the complaint under Ala. R. Civ. P„ Rule 12(b)(6).[3]
The procedure established in Ex parte Jackson, 598 So.2d 895 (Ala.1992), allowing new counsel to extend the time for filing a motion for a new trial, was not in effect when the Anderson was convicted and sentenced in his criminal case; that procedure, therefore, is not pertinent to this present civil case.[4] Under Jackson, newly appointed appellate counsel could file a motion with the court, within 14 days after appointment, requesting that the running of the time within which to file a motion for a new trial be tolled until the reporter’s transcript was prepared and filed. In February 1996, Ex parte Ingram, 675 So.2d 863 (Ala.1996), overruled Jackson to the extent that Jackson had allowed a defendant to extend the 30-day period provided by Rule 24.1(b), Ala. R.Crim. P., for filing a new-trial motion. In Ingram, we held that the proper method for presenting a claim of ineffective assistance of trial counsel that could not reasonably be presented in a new-trial motion is to file a *752 Rule 32 petition. In Ex parte Ingram, we stated:
“[I]n any eases in which the defendant is convicted after the date this opinion is released [February 23, 1996], an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review....”
675 So.2d at 865.
The gravamen of Anderson’s complaint is that Clark, as his newly appointed counsel in that earlier criminal case, should have filed a Jackson motion to extend the running of the time allowed for filing a motion for a new trial. (C. 2-3.) However, the Jackson procedure was not available to Anderson and his counsel in that criminal case, because at the time of Anderson’s conviction and sentencing (see note 4) Jackson had been overruled by Ingram; therefore, Anderson’s complaint does not suggest a set of facts that would support his claim alleging legal malpractice. Hence, the trial court properly determined that Anderson could not prevail on his claim alleging legal malpractice on the part of Clark in failing to file a Jackson motion. We recognize that on a Rule 12(b)(6) motion to dismiss, it is not for the court to determine whether the plaintiff will ultimately prevail, based on the complaint, but whether he may possibly prevail. Nevertheless, we conclude that the allegations in Anderson’s complaint do not state a claim upon which relief “could” be granted him, nor by which he could possibly prevail, on his theory related to the Jackson procedure.
Anderson also argues, in regard to the earlier criminal case, that in September 1998 Clark, in court, denied being Anderson’s attorney, and that in November 1998 Copeland submitted a “bad-faith affidavit” stating that he represented Anderson when in fact, Anderson says, Anderson had never meet Copeland and Copeland’s name had never appeared on the court docket to indicate that Copeland was Anderson’s attorney. Therefore, Anderson argues, Clark and Copeland committed “fraud.” (C. 2-3.) In the complaint, Anderson’s allegations of fraud reference only facts and assertions taken from exhibits. However, these exhibits are not a part of the record and, therefore, may not be considered by this Court on appeal. See Etherton v. City of Homewood, 700 So.2d 1374, 1377-78 (Ala.1997), quoting Bevill v. Owen, 364 So.2d 1201 (Ala.1979) (“It is a fundamental rule of appellate procedure that, regardless of [the] merits of [the] appellant’s contentions, appellate courts will not review questions not decided by the trial court.”). Rule 9(b), Ala. R. Civ. P., provides that when fraud is alleged, the circumstances constituting the fraud must be stated with particularity;[5] Anderson failed to plead with particularity, but, instead, relied upon exhibits outside the record to indicate the alleged fraud. Therefore, as to the fraud claim also, Anderson’s complaint was properly dismissed for failure to state a claim upon which relief could be granted.[6] Accordingly, the judgment of dismissal is affirmed.
AFFIRMED.
*753 HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, and ENGLAND, JJ., concur.
BROWN* and JOHNSTONE, JJ., recuse themselves.

. The Alabama Legal Services Liability Act also states, at § 6-5-580:
"In any action for ... damages ..., whether in contract or in tort, against a legal service provider, the plaintiff shall have the burden of proving that the legal service provider breached the applicable standard of care. The applicable standard of care shall be as follows [in the particular case at issue]:
"(1) The applicable standard of care against the defendant legal service provider shall be such reasonable care and skill and diligence as other similarly situated legal service providers in the same general line of practice in the same general area ordinarily have and exercise in a like case.”

. Anderson’s complaint avers that, in regard to the earlier criminal case, Clark, on March 17, 1997, filed a notice of appearance in an appeal to the Court of Criminal Appeals. On April 23, 1997, Clark filed, in that criminal case, a motion to withdraw as counsel for Anderson and for appointment of new counsel. The motion was granted on May 6, 1997, and Edward Smith was appointed to represent Anderson, who was indigent. (C. 2-3.)

. Anderson, acting pro se, has filed with this Court a brief that fails to comply with Rule 28, Ala. R.App. P. The following parts of a brief, required by Rule 28, are lacking or are not readily discernible in Anderson’s brief: (1) a statement of the case, (2) a statement of the issues; and (3) a full statement of the facts relevant to the issues presented for review. Although Anderson's brief is somewhat incomprehensible because of its deficiencies, we hesitate to dismiss an appeal or to affirm a judgment on what appears to be a technicality-

. Anderson was convicted of murder, in violation of Ala.Code 1975, § 13A-6-2, on February 19, 1997, and was sentenced to life imprisonment on March 5, 1997.

. Although Rule 9(b) requires particularity, "[t]his does not mean that every element [of fraud] must be stated with particularity”; it does mean, however, that ”[t]he pleader ... must use more than generalized or [concluso-ry] statements when setting out the allegations of fraud.” Lyde v. United Ins. Co. of America, 628 So.2d 665 (Ala.Civ.App.1993). "The pleader must state the place, the time, the contents of the false misrepresentations, the fact misrepresented, and an identification of what has been obtained.” Id. at 670, citing Robinson v. Allstate Ins. Co., 399 So.2d 288 (Ala.1981).

. Anderson also failed in his complaint to allege any injury resulting from the alleged fraud or to seek damages for that fraud. It was in his brief to this Court that Anderson first stated that he seeks damages in the amount of $250,000.