On March 20, 1996, the appellant, Harold Wayne Battle, was convicted of three counts of first-degree robbery. The trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole on each conviction. See § 13A-5-9(c)(3), Ala. Code 1975. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on March 18, 1997. See Battle v. State, (CR-95-1148) 706 So.2d 863 (Ala.Crim.App. 1997) (table). On February 16, 1999, the appellant filed a Rule 32 petition, challenging his convictions. After the State responded, the circuit court took affidavits and denied the petition. See Rule 32.9(a), Ala.R.Crim.P. This appeal followed.
The appellant argues that the circuit court improperly found that his ineffective-assistance-of-trial-counsel claims were precluded pursuant to Rule 32.2(a)(5), Ala.R.Crim.P. In its order denying the petition, the circuit court found, in part:
 "As to Petitioner's allegation that he was denied effective assistance of counsel at trial, he offers the following grounds:
 "(a) Trial counsel, Wesley M. Lavender, was ineffective in that counsel *Page 42 
failed to timely contact an alibi witness offered by the Petitioner;
 "(b) Trial counsel, Wesley M. Lavender, was ineffective in that counsel failed to conduct an adequate investigation of alleged police misconduct during the taking of Petitioner's statement;
 "(c) Trial counsel, Jim Mason, was ineffective in that counsel failed to challenge the racial and gender composition of the venire;
 "(d) Trial counsel, Jim Mason, was ineffective in that counsel failed to make a Batson challenge based upon both racial and gender discrimination.
 "The Court notes that appellate counsel was different from petitioner's trial counsel. As such, the Court determines that this claim is precluded because it could have been but was not raised on appeal. Ala.R.Crim.P. 32.2(a)(5). Further, the Court finds that the petitioner has failed to establish that counsel's performance at trial was in any way deficient or below the level of competence expected of attorneys in criminal cases. Petitioner has not met the burden of proof established in Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing by the petitioner that counsel's performance was deficient and that such deficiency prejudiced his defense. Petitioner's Rule 32 motion is DENIED as to this claim."
(C.R. 9.)
When the appellant was convicted, Ex parte Ingram, 675 So.2d 863 (Ala. 1996), had been released and had overruled Ex parte Jackson, 598 So.2d 895
(Ala. 1992), to the extent that Jackson allowed a defendant to extend the 30-day time limit for filing a motion for a new trial. Under Ingram, the proper method for presenting an ineffective-assistance-of-counsel claim that cannot reasonably be presented in a motion for a new trial is by filing a Rule 32 petition. The record in this case does not indicate that the appellant could have reasonably presented his ineffective-assistance-of-trial-counsel claims in his motion for a new trial. Therefore, contrary to the circuit court's finding, those claims are not precluded pursuant to Rule 32.2(a)(5), Ala.R.Crim.P., and the appellant properly raised them in his Rule 32 petition. Furthermore, Rule 32.9(d), Ala.R.Crim.P., requires that, after it takes evidence regarding a Rule 32 petition, the circuit court "shall make specific findings of fact relating to each material issue of fact presented." Clearly, the circuit court has not made such findings in this case. Therefore, we remand this case to the circuit court with instructions that that court make specific, written findings of fact relating to each of the appellant's ineffective-assistance-of-trial-counsel claims. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMillan, P.J., and Cobb and Wise, JJ., concur; Shaw, J., concurs specially, with opinion.
* Note from the reporter of decisions: On April 20, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 18, 2001, that court denied rehearing, without opinion.