On Application for Rehearing

SHAW, Judge.
On June 28, 2002, this Court remanded this case to the circuit court for it to address the merits of V.R.’s ineffective-assistance-of-trial-eounsel claim raised in his Rule 32, Ala.R.Crim.P., petition for postconviction relief and to enter specific written findings of fact regarding that *199 claim. See V.R. v. State, 852 So.2d 194 (Ala.Crim.App.2002).
On July 12, 2002, the State filed an application for rehearing, requesting that we set aside our judgment. The State also filed a motion to stay the proceedings in the circuit court pending this Court’s ruling on the application for rehearing. We accepted the State’s application for rehearing pursuant to Bishop v. State, 608 So.2d 345 (Ala.1992), and we stayed the proceedings in the circuit court so that we could address the State’s argument on rehearing.
The State contends on rehearing that this Court erred in holding that V.R.’s ineffective-assistance-of-trial-counsel claim was not procedurally barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because, it argues, as it did in its original brief, the claim could “reasonably” have been raised in V.R.’s motion for a new trial and then pursued on direct appeal. In our original opinion, we noted that whether V.R.’s claim was barred was debated in the circuit court before that court ruled on the petition. The court directed the parties to submit caselaw on the issue whether the claim was barred, and the court ultimately ruled in favor of the State, finding that the claim was barred because it “could reasonably have been presented in the timely filed motion for new trial.” (C. 29.) We disagreed with the circuit court, and we held that V.R.’s claim could not “reasonably” have been raised in his motion for a new trial. Specifically, we noted in our original opinion:
‘While it is true that V.R.’s newly appointed appellate counsel could have made a general allegation of ineffective assistance of trial counsel in V.R.’s motion for a new trial, it would appear that V.R.’s appellate counsel needed the trial transcript and the results of V.R.’s medical examination to be able to provide specific details to support an ineffective-assistance-of-trial-counsel claim.”
852 So.2d at 198.
On rehearing, the State specifically takes issue with our holding that although a general allegation of ineffective assistance of trial counsel could have been presented in his motion for a new trial, because V.R. could not have presented the specific claim he now presents in his Rule 32 petition without the benefit of a medical examination and the trial transcript — neither of which he had before the 30-day time period for filing a motion for a new trial had lapsed — his claim could not “reasonably” have been raised and, therefore, was not barred. The State argues that our holding in this regard “flies in the face of’ and “undermines the letter and the spirit of’ the Alabama Supreme Court’s opinion in Ex parte Ingram, 675 So.2d 863 (Ala.1996), in which that Court held:
“When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala.R.Crim.P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R.Crim.P., petition for post-conviction relief.”
675 So.2d at 866. (Emphasis added.)[1]
The State maintains that a defendant like V.R. — who had different counsel at trial and on appeal and whose appellate *200 counsel was appointed within the 30-day period for filing a motion for a new trial— can “reasonably” raise an ineffective-assistance-of-trial-counsel claim in a motion for a new trial and that the defendant who does not do so is barred from raising that claim in a Rule 32 petition. The State summarizes its argument in its brief on rehearing as follows:
“Acting under the letter and spirit of the Alabama Supreme Court’s decision in Ex parte Ingram, 675 So.2d 863, 865-66 (Ala.1996), newly appointed counsel had the capability in the present case to ‘reasonably present’ [V.R.’s] ineffective-assistanee-of-trial-counsel claim in a timely-filed- motion for new trial. After asserting the ineffectiveness claim, counsel could have extended the time for consideration of the motion under Rule [24.4] of the Alabama Rules of Criminal Procedure to investigate and detail the instances of deficient conduct to support [V.R.’s] claim. See generally Parris v. State, [[Ms. CR-00-0406, August 31, 2001] - So.2d - (Ala.Crim.App.2001)]; Broadnax v. State, [825 So.2d 134 (Ala.Crim.App.2000)]. By following this procedure contemplated by Ingram and its progeny, [V.R.] could have resolved his ineffectiveness claim on direct appeal. Because a petitioner is barred from relief on a claim that ‘could have been but was not raised at trial,’ Ala. R.Crim.P. 32.2(a)(3), the trial court correctly ruled that [V.R.] was precluded from pursuing his ineffective-assistance-of-trial-counsel claim in a Rule 32 proceeding.”
(State’s brief on rehearing at p. 8.) The State argues that defendants such as V.R. must make a general allegation of ineffective assistance of counsel in a motion for a new trial, have the proceedings on the motion continued under Rule 24.4, Ala. R.Crim.P., until the trial transcript is prepared and/or other evidence is obtained in support of the ineffective-assistance allegation, and then amend the motion to include specific claims of ineffective assistance of counsel. According to the State, this “procedure” will facilitate review of ineffective-assistanee-of-trial-counsel claims on direct appeal and cut down on the number of postconviction petitions on that basis, a policy the Alabama Supreme Court has endorsed. In this case, because V.R. did not avail himself of this “procedure,” the State argues, he is now barred as a matter of law from raising any ineffective-assistance-of-trial-eounsel claim in his Rule 32 petition.
Although the State’s suggested “procedure” takes a different form — i.e., using the provisions in Rule 24.4 — it is, practically speaking, cut from the same cloth as the procedure created by the Alabama Supreme Court in Ex parte Jackson, 598 So.2d 895 (Ala.1992), and subsequently overruled by that Court in Ex parte Ingram, supra, as an unworkable “trap for the unwary, potentially frustrating the presentation of some defendants’ ineffective-assistance-of-counsel claims.” 675 So.2d at 865 (footnote omitted). In Ex parte Jackson, the Supreme Court adopted a procedure — to promote the raising of ineffective-assistance-of-trial-counsel claims in a motion for a new trial, rather than in a postconviction petition — whereby newly appointed appellate counsel could file a motion to extend the time for filing a motion for a new trial in order to obtain a copy of the transcript and raise ineffective-assistance-of-trial-counsel claims. After several years of that procedure, however, the Supreme Court recognized “innumerable problems” associated with it, concluded that those problems “greatly outweigh[ed] the benefits obtained through the small reduction ... in the number of collateral appeals,” and overruled Ex parte Jackson and abandoned that procedure in favor of *201 something more workable, holding that a defendant could raise a claim of ineffective assistance of trial counsel for the first time in a Rule 32 petition so long as that claim could not “reasonably” have been presented in a motion for a new trial. Ex parte Ingram, 675 So.2d at 865-66.
As explained below, we are not persuaded by the State’s argument that using Rule 24.4 to, in effect, extend the time for raising a specific claim of ineffective assistance of trial counsel was contemplated by Ex parte Ingram or any of its progeny, and we believe that using Rule 24.4 in such a manner could result in the same confusion that the Ex parte Jackson procedure generated.
Rule 24.4 provides:
“No motion for new trial or motion in arrest of judgment shall remain pending in the trial court for more than sixty (60) days after the pronouncement of sentence, except as provided in this section. A failure by the trial court to rule on such a motion within the sixty (60) days allowed by this section shall constitute a denial of the motion as of the sixtieth day; provided, however, that with the express consent of the prosecutor and the defendant or the defendant’s attorney, which consent shall appear in the record, the motion may be carried past the sixtieth day to a date certain; if not ruled upon by the trial court as of the date to which the motion is continued, the motion is deemed denied as of that date, unless it has been continued again as provided in this section. The motion may be continued from time to time as provided in this section.”
(Emphasis added.) A defendant faces two obstacles in extending the time for a ruling on a motion for a new trial: the prosecutor and the trial court. Not only must a defendant obtain the express consent of the prosecutor in order to benefit from Rule 24.4, the language of the rule is permissive — a trial court is not required to continue the proceedings, even when both parties consent. Thus, even if a defendant files a motion for a new trial that includes a general allegation of ineffective assistance of counsel, there is no guarantee that he or she will be able to obtain an extension of time until the transcript is prepared.
If a defendant follows the procedure suggested by the State and files a motion for a new trial with nothing more than a general allegation of ineffective assistance of trial counsel and the prosecutor refuses to consent to extend the time, or the trial court denies the defendant’s request to extend the time, then the defendant has raised a general claim of ineffective assistance of counsel that a trial court would clearly be justified in denying without a hearing because the burden is on the defendant alleging ineffective assistance of counsel to “identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.” Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, such a general allegation of ineffective assistance of trial counsel in a motion for a new trial is generally not sufficient to preserve for review a more specific claim of ineffectiveness. See, e.g., M.B. v. State, 641 So.2d 330 (Ala.Crim.App.1994).[2] Thus, the de- *202 fendant would, in most cases, not be able to pursue more specific claims on appeal.
Even more problematic, however, is that because the defendant challenged his trial counsel’s effectiveness at trial, he or she would be barred by Rule 32.2(a)(2) from raising that issue in a Rule 32 petition. The only way to avoid this outcome would be for a defendant who is unsuccessful in obtaining an extension of time under Rule 24.4 to file a motion requesting, in effect, to withdraw the ineffective-assistance-of-counsel claim from the motion for a new trial. This would require additional action on the part of a defendant and his or her appellate counsel in order to preserve the right to seek postconviction relief under Rule 32. Of course, the failure through neglect or inadvertence to take such action would raise the specter of an ineffective-assistance-of-appellate-eounsel claim being raised in a subsequent Rule 32 petition. On the other hand, if a defendant did not follow the suggested procedure and did not at least attempt to challenge trial counsel’s effectiveness in a motion for a new trial, he or she would be barred by Rule 32.2(a)(3) and (5) from raising that issue in a Rule 32 petition because, as the State urges, the failure to attempt the suggested procedure would be conclusive on the issue whether the ineffective-assistance-of-counsel claim could have reasonably been raised in a new-trial motion.
In other words, the only practical way a defendant could get his ineffeetive-assis-tance-of-counsel claim addressed in the new-trial motion would be if the prosecutor expressly consented to extending the time under Rule 24.4 and the trial court granted the defendant’s request to extend the time — two circumstances that are beyond a defendant’s control. In effect, the procedure suggested by the State would place a defendant in the untenable position of having to rely on the goodwill of the prosecutor to get his or her claim addressed. In reality, the procedure could easily lead to confusion and ultimately result in potentially valid ineffective-assistance-of-trial-counsel claims being barred in some circumstances. We do not believe that was the result intended by the Alabama Supreme Court when it decided Ex parte Ingram, and we are not willing to adopt a multilayered procedure that could lead to the relinquishment of the rights of defendants who have legitimate claims of ineffective assistance of counsel, as in this case, merely to further the otherwise laudable goal of reducing the number of post-conviction petitions filed in this State.
Therefore, we hold that a defendant is not precluded by Rule 32.2(a)(3) and (5) from raising an ineffective-assistance-of-trial-counsel claim for the first time in a Rule 32 petition if -the trial transcript was not prepared in time for appellate counsel to have reviewed the transcript to ascertain whether such a claim was viable and to present the claim in a timely filed motion for a new trial. It is neither reasonable nor practical to expect newly appointed appellate counsel to *203 raise an ineffective-assistance-of-trial-eounsel claim without the benefit of a trial transcript to document and support a defendant’s allegations as to what occurred during trial. Thus, V.R. is not precluded from raising his claim of ineffective assistance of trial counsel in his Rule 32 petition.[3]
Based on the foregoing, the State’s application for rehearing is overruled and the stay granted by this Court is lifted.
APPLICATION OVERRULED; STAY LIFTED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ„ concur.

. Although not applicable in this case, we note that the Alabama Supreme Court recently amended Rule 32, Ala.R.Crim.P., to add language similar to the language in Ex parte Ingram. The Supreme Court added Rule 32.2(d), which provides, in part: “Any claim that counsel was ineffective must be raised as soon as practicable, either at trial, on direct appeal, or in the first Rule 32 petition, whichever is applicable.” (Emphasis added.)

. We recognize that in Ex parte Jefferson, 749 So.2d 406 (Ala.1999), the Alabama Supreme Court created an exception to the preservation requirement when a defendant asserts a claim alleging ineffective assistance of counsel. The Court held that a general claim of ineffective assistance of counsel may be sufficient to preserve for appellate review a more specific claim of ineffective assistance of counsel “[w]here the record on appeal reflects that trial counsel’s performance was so deficient as to fall below an objective stan *202 dard of reasonableness.” 749 So.2d at 408. However, in Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App.2000), this Court recognized that the exception carved out by the Alabama Supreme Court in Jefferson would be applicable in "only a minute number of cases” — those cases where counsel's error is “so blatant and clear on the face of the record that there [is] no room for interpretation.” 781 So.2d at 1011. We held in Montgomery that we would "not stretch to find ineffective assistance of counsel in cases where the claim has not been addressed by the trial court,” and that if the record on appeal does not reflect on its face that counsel’s performance was so deficient as to fall below an objective standard of reasonableness, the preservation exception carved out in Jefferson would not apply. Id.

. We also reject the State’s argument that because V.R.’s appellate counsel stated in his notice of appeal that ineffective assistance of trial counsel was a possible issue, he was "aware of and could have 'reasonably presented' ” his claim in his motion for a new trial. (State's brief on rehearing at p. 15.) As we pointed out in our original opinion, although V.R. could have raised a general claim of ineffective assistance of counsel, he could not have provided any support for the claim without a medical examination and the trial transcript.