BASCHAB, Presiding Judge.
The appellant, Steven Craig Taylor, was convicted of second-degree rape, a violation of § 13-A-6-62(a)(l), Ala.Code 1975, and second-degree sexual abuse, a violation of § 13A-6-67(a)(2), Ala.Code 1975. The trial court sentenced him to serve concurrent terms of twenty years in prison on the rape conviction and ten years in prison on the sexual abuse conviction. The appellant filed a “Motion for Judgment of Acquittal, or in the Alternative, Motion for New Trial,” which the trial court summarily denied. This appeal followed.
The appellant argues that his trial counsel rendered ineffective assistance.
“[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.”
Ex parte Ingram, 675 So.2d 863, 865 (Ala.1996). In this case, the appellant did not present his ineffective-assistance-of-counsel claim in his motion for a new trial. Therefore, it is not properly before this court.
For the foregoing reason, we affirm the appellant’s convictions. However, we note that the trial court sentenced the appellant to serve a term of ten years in prison on the second-degree sexual abuse conviction.
“Sexual abuse in second degree is a Class A misdemeanor, except that if a person commits a second or subsequent offense of sexual abuse in the second degree within one year of another sexual offense, the offense is a Class C felony.”
§ 13A-6-67(b), Ala.Code 1975. The record does not indicate that the offense in this case was a second or subsequent offense of second-degree sexual abuse that was committed within one year of another sexual offense. Therefore, the appellant’s conviction for second-degree sexual abuse constituted a Class A misdemeanor. A Class A misdemeanor is punishable by not more than one year in the county jail or at hard labor for the county. See § 13A-5-7(a)(1), Ala.Code 1975. Thus, the appellant’s sentence of ten years in prison on *694 the second-degree sexual abuse conviction exceeds the maximum authorized by law.
Accordingly, we remand this case to the trial court with instructions that it set aside the appellant’s sentence on the second-degree sexual abuse conviction, conduct a new sentencing hearing, and sentence the appellant in accordance with § 13A-5-7(a)(l), Ala.Code 1975. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include a transcript of the new sentencing hearing.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS. 
McMILLAN, SHAW, WISE, and WELCH, JJ., concur.