WISE, Presiding Judge.
 

 On June 21, 2006, the appellant, Robert Donald Duck, was convicted of second-degree rape. On July 25, 2006, the trial court sentenced him to serve a term of twenty years in prison. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on April 13, 2007.
 
 See Duck v. State,
 
 (CR-05-2344, February 23, 2007) 4 So.3d 589 (Ala.Crim.App.2007) (table). On February 11, 2008, Duck filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily denied the petition. This appeal followed.
 

 In his petition, Duck raised ineffective-assistance-of-trial-counsel allegations. The State did not respond specifically to all of those allegations, and the circuit court did not specifically address them. Rather, it found that Duck should have raised the claims on direct appeal. However, Duck was sentenced on July 25, 2006. On June 26, 2006, his trial counsel filed a motion for a new trial. On July 6, 2006, the trial court denied his motion for a new trial. Finally, trial counsel filed a motion to withdraw on August 14, 2006; the trial court allowed trial counsel to withdraw on September 20, 2006; and this court appointed appellate counsel on October 27, 2006.
 

 “[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistanee-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
 

 [[Image here]]
 

 “When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R.Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R.Crim. P., petition for post-conviction relief.”
 

 Ex parte Ingram,
 
 675 So.2d 863, 865-66 (Ala.1996). In this case, appellate counsel was not appointed until after the trial court had denied Duck’s motion for a new trial. Therefore, appellate counsel could not have properly raised ineffective-assistance-of-trial-counsel claims on direct appeal. Accordingly, the circuit court improperly found that Duck should have raised these claims on direct appeal.
 

 Because Duck raised ineffective-assistance-of-trial-counsel allegations that could be meritorious, the circuit court erred in not addressing them. Therefore, we remand this case to the circuit court for that court to make specific, written findings of fact concerning Duck’s ineffective-assis
 
 *616
 
 tance-of-trial-counsel allegations. On remand, the circuit court may order the State to respond to all of Duck’s specific allegations and/or may conduct an eviden-tiary hearing on those allegations. If the circuit court determines that Duck is entitled to relief, it may order such relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; a copy of the State’s additional response, if any; and a transcript of the remand proceedings, if any, conducted by the circuit court.
 
 [1]
 

 REMANDED WITH INSTRUCTIONS.
 
 *
 

 WELCH, WINDOM, and KELLUM, JJ., concur.
 

 [1]
 

 . We pretermit discussion of Duck’s remaining claims at this time.
 

 *
 

 Note from the reporter of decisions: On August 14, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.