WISE, Presiding Judge.
On October 21, 2005, the appellant, Joseph Pruitt, was convicted of first-degree rape and first-degree sexual abuse. On December 7, 2005, the trial court sentenced him to serve consecutive terms of life in prison on the rape conviction and ten years in prison on the sexual abuse conviction. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on July 11, 2006. See Pruitt v. State, (CR-05-0698) 978 So.2d 81 (Ala.Crim.App.2006) (table). On June 25, 2007, Pruitt filed a Rule 32 peti *1273 tion, challenging his convictions. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.
In his petition, Pruitt raised ineffective-assistance-of-trial-counsel allegations. The State did not respond specifically to all of those allegations, and the circuit court did not specifically address them. Rather, the State argued, and the circuit court found, that Pruitt should have raised the claims on direct appeal. However, the record from Pruitt’s direct appeal indicates that he was sentenced on December 7, 2005, and the record on appeal was completed on March 8, 2006.[1]
“[I]n any cases in which the defendant is convicted after the date this opinion is released, an ineffective-assistance-of-counsel claim must be presented in a new trial motion filed before the 30-day jurisdictional time limit set by Rule 24.1(b), Ala. R.Crim. P., expires, in order for that claim to be properly preserved for review upon direct appeal.
[[Image here]]
“When a defendant makes a claim of ineffective assistance of trial counsel, and that claim cannot reasonably be presented in a new trial motion filed within the 30 days allowed by Rule 24.1(b), Ala. R.Crim. P., the proper method for presenting that claim for appellate review is to file a Rule 32, Ala. R.Crim. P., petition for post-conviction relief.”
Ex parte Ingram, 675 So.2d 863, 865-66 (Ala.1996). In this case, appellate counsel did not have access to the record on appeal in time to raise ineffective-assistance-of-trial-counsel allegations within 30 days after Pruitt was sentenced. Therefore, the circuit court improperly found that Pruitt should have raised such allegations on direct appeal.
Accordingly, we remand this case to the circuit court for that court to make specific, written findings of fact concerning Pruitt’s ineffective-assistance-of-trial-counsel allegations. On remand, the circuit court may order the State to respond to all of Pruitt’s specific allegations and/or may conduct an evidentiary hearing on those allegations. If the circuit court determines that Pruitt is entitled to relief, it may order such relief. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact; a copy of the State’s additional response, if any; and a transcript of the remand proceedings, if any, conducted by the circuit court.[2]
REMANDED WITH INSTRUCTIONS. 
WELCH, WINDOM, and KELLUM, JJ., concur.

. We have taken judicial notice of the record from Pruitt's direct appeal in this case. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998).

. We pretermit discussion of Pruitt’s remaining claims at this time.