BURKE, Judge,
concurring specially.
Although I agree that Gerald Leon Watts has failed to preserve- for appellate review the issue regarding being tried in absentia, I believe that this fact situation, where Watts was removed from the proceedings due to medical reasons and pursuant to the trial court’s direction, distinguishes this case from prior caselaw because he was unable to waive his right to be present. Although this issue was not preserved, the error in fully trying Watts without his presence was egregious and should have been objected to. Watts may have had knowledge of which defense counsel was unaware, and he clearly could have aided in his defense. Although Watts raised specific grounds of ineffectiveness on appeal through a different counsel, these claims have not been addressed on the merits as they were held to be precluded. A Rule 32, Ala. R.Crim. P., petition would be Watts’s first opportunity to raise a claim of ineffective assistance of trial counsel because Watts’s motion for a new trial was filed by trial counsel. See Ex parte Ingram, 675 So.2d 863 (Ala.1996) (claims of ineffective assistance of trial counsel can be raised in a motion for a new trial or in a postconviction proceeding, whichever presents the first reasonable opportunity to raise such a claim). Thus, I do not believe that Watts has foreclosed his ability to raise in a Rule 32, Ala. R.Crim. P., petition, *1219 defense counsel’s[1] failure to object to the court’s trying him in absentia.

. The record indicates that Watts was represented by two attorneys with the same last name. The transcript refers to defense counsel by only the last name; thus it is unclear if both attorneys were present and participated in the trial.